### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**GALE NELSON WALKER**                                              **PLAINTIFF**

**VS.**                                          **CAUSE NO. 3:15-cv-911-DPJ-FKB**

**ROBERT SHULER SMITH, individually**
**and in his official capacity as District**
**Attorney of Hinds County, Mississippi; and**
**Hinds County, Mississippi**                                      **DEFENDANTS**

### HINDS COUNTY'S ANSWER TO AMENDED COMPLAINT

Comes now Hinds County, Mississippi, by and through counsel, and responds to the Plaintiff's Amended Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which any relief can be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

To the extent that any alleged cause of action for discrimination was not contained in the charge of discrimination filed with the Equal Employment Opportunity Commission or filed within the time prescribed by 42 U.S.C. § 2000e-5(e), which statute is pleaded as a defense and as a statute of limitations, such claims are due to be dismissed.

### THIRD DEFENSE

To the extent the Plaintiff is asserting any state law claims, answering defendant invokes each and every restriction, limitation, requirement, privilege and immunity of

the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

### FOURTH DEFENSE

Answering defendant denies that it has been guilty of any actionable conduct.

### FIFTH DEFENSE

To the extent that Plaintiff failed to exhaust internal administrative remedies, those claims are barred and due to be summarily dismissed.

### SIXTH DEFENSE

Any and all actions taken with respect to Plaintiff were not based upon any prohibited factors or upon any unlawful or impermissible reasons, but were taken in good faith and for legitimate reasons and based upon legitimate factors, including but not limited to, job performance, level of professional skill and judgment, level of responsibilities, market forces, salary history, total years of experience, years of experience in the job assignment, training, number of days worked, and length of work day.

### SEVENTH DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, she has no right to recovery for the same.

### EIGHTH DEFENSE

Answering defendant did not engage in unfavorable or adverse employment

action that gave rise to an inference of discrimination against Plaintiff on account of disability.

## NINTH DEFENSE

Answering defendant did not engage in or take any cognizable adverse personnel action against Plaintiff.

## TENTH DEFENSE

No causal link exists between any protected activity engaged in by Plaintiff and any unfavorable or adverse employment action against Plaintiff, and as such, Plaintiff has failed to state a claim upon which relief can be granted.

## ELEVENTH DEFENSE

Plaintiff's failure to show that she has been treated differently from other employees in similar situations is fatal to his claim of discrimination under Title VII, 42 U.S.C. § 2000e, *et seq.*, and, as such, dismissal of said claim is required.

## TWELFTH DEFENSE

## ADMISSION AND DENIALS

And now, without waiving any defense heretofore or hereinafter set forth, answering defendant responds to the allegations of Plaintiff's Amended Complaint, paragraph by paragraph, as follows:

## AMENDED COMPLAINT

As for the unnumbered paragraph which commences, "NOW COMES Plaintiff…" answering defendant denies each and every allegations contained therein.

# I.     PARTIES

1.      Answering defendant, upon information and belief, admits the allegations of paragraph 1 of Plaintiff's Amended Complaint.

2.      The allegations of paragraph 2 contain allegations which concern a defendant other than the answering defendant, and, as such, do not require a response. To the extent that a response is required, answering defendant admits that Robert Shuler Smith is the duly-elected District Attorney in Hinds County, Mississippi. Answering defendant denies the remaining allegations of paragraph 2 of Plaintiff's Amended Complaint.

3.      The allegations of paragraph 3 contain allegations which concern a defendant other than the answering defendant, and, as such, do not require a response. To the extent that a response is required, answering defendant admits that Robert Shuler Smith is the duly-elected District Attorney in Hinds County, Mississippi, and that he may be served process in accordance with Rule 4 of the Federal Rules of Civil Procedure. Answering defendant denies the remaining allegations of paragraph 3 of Plaintiff's Amended Complaint.

4.      Answering defendant admits that Hinds County, Mississippi is a political subdivision within the State of Mississippi, which is amenable to suit. Answering defendant denies the remaining allegations of paragraph 4 of Plaintiff's Amended Complaint, as stated.

5.     Answering defendant denies the allegations of paragraph 5 of Plaintiff's Amended Complaint, as stated.

6.     Answering defendant admits the allegations of paragraph 6 of Plaintiff's Amended Complaint.

7.     The allegations of paragraph 7 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant admits that Smith is the duly elected District Attorney for Hinds County. Answering defendant denies the remaining allegations of paragraph 7 of Plaintiff's Amended Complaint.

8.     Answering defendant denies the allegations of paragraph 8 of Plaintiff's Amended Complaint.

9.     The allegations of paragraph 9 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent a response is deemed necessary, answering defendant denies the same.

## II. JURISDICTION AND VENUE

10.     Answering defendant denies the allegations of paragraph 10 of Plaintiff's Amended Complaint.

11.     Answering defendant denies the allegations of paragraph 11 of Plaintiff's Amended Complaint.

12.     Answering defendant denies the allegations of paragraph 12 of Plaintiff's Amended Complaint.

13.     Answering defendant admits the allegations of paragraph 13 of Plaintiff's Amended Complaint.

14.     Answering defendant denies the allegations of paragraph 14 of Plaintiff's Amended Complaint.

15.     The allegations of paragraph 15 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

### III.     PROCEDURAL PREREQUISITES

16.     Answering defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. Answering defendant denies the remaining allegations of paragraph 16 of Plaintiff's Amended Complaint.

17.     Answering defendant avers that Exhibit A speaks for itself. Answering defendant denies the remaining allegations of paragraph 17 of Plaintiff's Amended Complaint.

18.     Answering defendant denies the allegations of paragraph 18 of Plaintiff's Amended Complaint.

### IV.     STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

19.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 19 of Plaintiff's Amended Complaint, and, as such, denies the same.

20.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 20 of Plaintiff's Amended Complaint, and, as such, denies the same.

21.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 21 of Plaintiff's Amended Complaint, and, as such, denies the same.

22.     Answering defendant admits, upon information and belief, the allegations of paragraph 22 Plaintiff's Amended Complaint.

23.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 23 of Plaintiff's Amended Complaint, and, as such, denies the same.

24.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 24 of Plaintiff's Amended Complaint, and, as such, denies the same.

25.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 25 of Plaintiff's Amended Complaint, and, as such, denies the same.

26.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 26 of Plaintiff's Amended Complaint, and, as such, denies the same.

27. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 27 of Plaintiff's Amended Complaint, and, as such, denies the same.

28. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 28 of Plaintiff's Amended Complaint, and, as such, denies the same.

29. The allegations of paragraph 29 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

30. The allegations of paragraph 30 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

31. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 31 of Plaintiff's Amended Complaint, and, as such, denies the same.

32. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 32 of Plaintiff's Amended Complaint, and, as such, denies the same.

33. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 33 of Plaintiff's Amended Complaint, and, as such, denies the same.

34.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 34 of Plaintiff's Amended Complaint, and, as such, denies the same.

35.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 35 of Plaintiff's Amended Complaint, and, as such, denies the same.

36.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 36 of Plaintiff's Amended Complaint, and, as such, denies the same.

37.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 37 of Plaintiff's Amended Complaint, and, as such, denies the same.

38.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 38 of Plaintiff's Amended Complaint, and, as such, denies the same.

39.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 39 of Plaintiff's Amended Complaint, and, as such, denies the same.

40.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 40 of Plaintiff's Amended Complaint, and, as such, denies the same.

41.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 41 of Plaintiff's Amended Complaint, and, as such, denies the same.

42.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 42 of Plaintiff's Amended Complaint, and, as such, denies the same.

43.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 43 of Plaintiff's Amended Complaint, and, as such, denies the same.

44.    Answering defendant denies the allegations of paragraph 44 of Plaintiff's Amended Complaint.

45.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 45 of Plaintiff's Amended Complaint, and, as such, denies the same.

46.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 46 of Plaintiff's Amended Complaint, and, as such, denies the same.

47.    Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 47 of Plaintiff's Amended Complaint, and, as such, denies the same.

48. Answering defendant would affirmatively aver that Exhibit B speaks for itself. Answering defendant denies the remaining allegations of paragraph 48 of Plaintiff's Amended Complaint.

49. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 49 of Plaintiff's Amended Complaint, and, as such, denies the same.

50. Again, answering defendant would affirmatively aver that the content of Exhibit B speaks for itself. Answering defendant denies the remaining allegations of paragraph 50 of Plaintiff's Amended Complaint.

51. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 51 of Plaintiff's Amended Complaint, and, as such, denies the same.

52. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 52 of Plaintiff's Amended Complaint, and, as such, denies the same.

53. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 53 of Plaintiff's Amended Complaint, and, as such, denies the same.

54. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 54 of Plaintiff's Amended Complaint, and, as such, denies the same.

55.     The allegations of paragraph 55 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

56.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 56 of Plaintiff's Amended Complaint, and, as such, denies the same.

57.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 57 of Plaintiff's Amended Complaint, and, as such, denies the same.

58.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 58 of Plaintiff's Amended Complaint, and, as such, denies the same.

59.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 59 of Plaintiff's Amended Complaint, and, as such, denies the same.

60.     The allegations of paragraph 60 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

61.     The allegations of paragraph 61 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

62. The allegations of paragraph 62 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

63. The allegations of paragraph 63 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

64. The allegations of paragraph 64 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

65. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 65 of Plaintiff's Amended Complaint, and, as such, denies the same.

66. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 66 of Plaintiff's Amended Complaint, and, as such, denies the same.

67. The allegations of paragraph 67 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

68. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 68 of Plaintiff's Amended Complaint, and, as such, denies the same.

69.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 69 of Plaintiff's Amended Complaint, and, as such, denies the same.

70.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 70 of Plaintiff's Amended Complaint, and, as such, denies the same.

71.     The allegations of paragraph 71 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

72.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 72 of Plaintiff's Amended Complaint, and, as such, denies the same.

73.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 73 of Plaintiff's Amended Complaint, and, as such, denies the same.

74.     Answering defendant admits that Plaintiff's employment was terminated.

75.     Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 75 of Plaintiff's Amended Complaint and, as such, denies the same.

76. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 76 of Plaintiff's Amended Complaint, and, as such, denies the same.

77. Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 77 of Plaintiff's Amended Complaint and, as such, denies the same.

78. The allegations of paragraph 78 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

79. The allegations of paragraph 79 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

80. Answering defendant lacks information sufficient to make a determination as to the truth of the first allegations contained in paragraph 80 of Plaintiff's Amended Complaint, and, as such, denies the same.

81. The allegations of paragraph 81 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same. Answering defendant would affirmatively aver that Exhibit C speaks for itself.

82. Answering defendant denies the allegations of paragraph 82 of Plaintiff's Amended Complaint.

83. The allegations of paragraph 83 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

84. Answering defendant lacks information sufficient to make a determination as to the truth of the first allegations contained in paragraph 84 of Plaintiff's Amended Complaint, and, as such, denies the same.

85. Answering defendant lacks information sufficient to make a determination as to the truth of the first allegations contained in paragraph 85 of Plaintiff's Amended Complaint, and, as such, denies the same.

86. The allegations of paragraph 86 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

87. Answering defendant admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The remaining allegations concern a defendant other than answering defendant, and, as such, a response is not required. To the extent that a response is required, answering defendant denies the same.

88. Answering defendant admits that Plaintiff received a Right to Sue notice as evidenced by the notice itself, which is attached to Plaintiff's Amended Complaint.

89. Answering defendant admits that Plaintiff filed a Notice of Claim, but denies that the Notice contained any allegations concerning the answering defendant

and would affirmatively aver that Defendant Smith is not a County employee. Answering defendant denies the remaining allegations of paragraph 89 of Plaintiff's Amended Complaint.

90.     Answering defendant lacks information sufficient to make a determination as to the truth of the first allegations contained in paragraph 90 of Plaintiff's Amended Complaint, and, as such, denies the same.

91.     Answering defendant denies the allegations of paragraph 91 of Plaintiff's Amended Complaint.

92.     Answering defendant denies the allegations of paragraph 92 of Plaintiff's Amended Complaint.

93.     Answering defendant denies the allegations of paragraph 93 of Plaintiff's Amended Complaint.

94.     Answering defendant denies the allegations of paragraph 94 of Plaintiff's Amended Complaint.

## V.     CLAIMS FOR RELIEF

95.     Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-94 herein above as if the same were specifically set out herein.

96.     Answering defendant denies the allegations of paragraph 96 of Plaintiff's Amended Complaint.

## COUNT II—VIOLATION OF TITLE VII (Gender Discrimination)

97.     Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-96 herein above as if the same were specifically set out herein.

98.     Answering defendant denies the allegations of paragraph 96 of Plaintiff's Amended Complaint.

## COUNT III—DISCHARGE IN VIOLATION OF PUBLIC POLICY

99.     The admissions and denials hereinabove in paragraphs 1-94 are hereby re-alleged and incorporated by reference herein.

100.     Answering defendant denies the allegations of paragraph 100 of Plaintiff's Amended Complaint.

101.     Answering defendant denies the allegations of paragraph 101 of Plaintiff's Amended Complaint.

102.     Answering defendant denies the allegations of paragraph 102 of Plaintiff's Amended Complaint.

103.     Answering defendant denies the allegations of paragraph 103 of Plaintiff's Amended Complaint.

## COUNT IV—VIOLATION OF COMPUTER FRAUD AND ABUSE ACT (CFAA)

104.    Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-103 herein above as if the same were specifically set out herein.

105.    Answering defendant denies the allegations of paragraph 105 of Plaintiff's Amended Complaint.

106.    Answering defendant denies the allegations of paragraph 106 of Plaintiff's Amended Complaint.

107.    Answering defendant denies the allegations of paragraph 107 of Plaintiff's Amended Complaint.

## COUNT V—CIVIL CONSPIRACY

108.    Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-107 herein above as if the same were specifically set out herein.

109.    The allegations of paragraph 109 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

110.    Answering defendant denies the allegations of paragraph 110 of Plaintiff's Amended Complaint.

## COUNT VI—DISCHARGE IN VIOLATION OF PUBLIC POLICY

111.    Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-110 herein above as if the same were specifically set out herein.

112.    Answering defendant denies the allegations of paragraph 112 of Plaintiff's Amended Complaint.

113.    Answering defendant denies the allegations of paragraph 113 of Plaintiff's Amended Complaint.

114.    Answering defendant denies the allegations of paragraph 114 of Plaintiff's Amended Complaint.

## COUNT VII—CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. §1983

115.    Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-114 herein above as if the same were specifically set out herein.

116.    Answering defendant admits that municipalities are amenable to suit under 42 U.S.C. §1983.

117.    Answering defendant denies the allegations of paragraph 117 of Plaintiff's Complaint.

118.    Answering defendant admits the allegations of paragraph 118 of Plaintiff's Complaint.

119.     Answering defendant denies the allegations of paragraph 119 of Plaintiff's Complaint.

120.     The allegations of paragraph 120 of Plaintiff's Amended Complaint concern a defendant other than the answering defendant, and, as such, no response is required. To the extent that a response may be required, answering defendant denies the same.

121.     Answering defendant denies the allegations of paragraph 121 of Plaintiff's Amended Complaint.

**COUNT VIII-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

122.     The admissions and denials hereinabove in paragraphs 1-121 are hereby re-alleged and incorporated by reference herein.

123.     Answering defendant denies the allegations of paragraph 123 of Plaintiff's Amended Complaint.

124.     Answering defendant denies the allegations of paragraph 124 of Plaintiff's Amended Complaint.

125.     Answering defendant denies the allegations of paragraph 125 of Plaintiff's Amended Complaint.

**COUNT IX-INVASION OF PRIVACY**

126.     Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-125 herein above as if the same were specifically set out herein.

127.     Answering defendant denies the allegations of paragraph 127 of Plaintiff's Amended Complaint.

128.     Answering defendant denies the allegations of paragraph 128 of Plaintiff's Amended Complaint.

129.     Answering defendant denies the allegations of paragraph 129 of Plaintiff's Amended Complaint.

### COUNT X-DAMAGES AND REMEDIES

130.     Answering defendant repeats and incorporates by reference each and every defense, admission, and denial to paragraphs 1-129 herein above as if the same were specifically set out herein.

131.     Answering defendant denies the allegations of paragraph 131 of Plaintiff's Amended Complaint.

132.     Answering defendant denies the allegations of paragraph 132 of Plaintiff's Amended Complaint, including subparagraphs A-D.

133.     Answering defendant denies the allegations of paragraph 133 of Plaintiff's Amended Complaint.

134.     Answering defendant denies the allegations of paragraph 134 of Plaintiff's Amended Complaint.

As for the unnumbered paragraph, which commences, "WHEREFORE PREMISES CONSIDERED…," answering defendant denies each and every allegation

contained therein, including but not limited to those contained in subparagraphs A.-E. and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

## FOURTEENTH DEFENSE

Answering defendant is protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

## FIFTEENTH DEFENSE

Answering defendant alleges that it met or exceeded the requirements of law and due care and that it is guilty of no acts or omissions which either caused or contributed to the incident in question.

## SIXTEENTH DEFENSE

Answering defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## SEVENTEENTH DEFENSE

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15, insofar as any state law claims are concerned. Additionally, answering defendant would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the

State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendants.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

## EIGHTEENTH DEFENSE

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Amended Complaint filed against it, answering defendant requests that the same be dismissed, that it be discharged, and that costs be assessed against the Plaintiff.

**DATE:**     **December 18, 2015.**

                                    Respectfully submitted,

                                    **HINDS COUNTY, MISSISSIPPI**

                                    BY:     /s/William R. Allen
                                                One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Hinds County, Mississippi's Answer to Plaintiff's Amended Complaint with the Clerk of the Court which gave notice of the same to:

>Gale N. Walker, Esq.
>GALE WALKER LAW OFFICE, PLLC
>152 Windy Hill Cove
>Raymond, MS 39154
>attorneygalewalker@gmail.com

The 18th day of December, 2015.

>/s/William R. Allen
>OF COUNSEL