UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GALE N. WALKER                                                                              PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:15CV911 DPJ-FKB

ROBERT S. SMITH, ET AL.                                                              DEFENDANTS

ORDER

This employment dispute is before the Court on motion of Plaintiff Gale N. Walker to

remand this case to the Circuit Court of Hinds County, Mississippi.  Defendants have responded

in opposition.  The Court, having considered the submissions of the parties along with the

relevant authorities, finds that Defendants should be given an opportunity to cure the removal

defect.

I.        Facts and Procedural History

Plaintiff Gale N. Walker worked as an Assistant District Attorney in Hinds County from

August 2012 to January 2014.  Believing her termination was discriminatory, Walker filed suit

on November 10, 2015 in Hinds County Circuit Court.[1]  She advanced race and sex

discrimination claims, as well as claims for discharge in violation of public policy, violation of

computer fraud and abuse act, civil conspiracy, intentional infliction of emotional distress, and

invasion of privacy.  On December 17, 2015, Defendants removed the case to this Court, citing

federal-question jurisdiction.

Plaintiff, who is proceeding *pro se*, filed the instant motion to remand, arguing that the

removal was procedurally defective because Defendants failed to include a copy of all process,

---

[1] Plaintiff initially filed a complaint in state court on July 13, 2015, but did not serve it
on defendants.  The operative complaint is the Amended Complaint filed on November 10, 2015.

pleadings, and orders as required by 28 U.S.C. § 1446(a).  The motion is fully briefed, and the

Court is prepared to rule.

II.      Analysis

    Since federal courts are of limited jurisdiction and removal raises significant federalism

concerns, the "removal statutes are to be construed strictly against removal and for remand."

*Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citations omitted).  Title

28 U.S.C. § 1446(a) sets forth the procedure for removing a civil action:

> A defendant or defendants desiring to remove any civil action from a State court
> shall file in the district court of the United States for the district and division
> within which such action is pending a notice of removal signed pursuant to Rule
> 11 of the Federal Rules of Civil Procedure and containing a short and plain
> statement of the grounds for removal, together with *a copy of all process,
> pleadings, and orders served upon such defendant, or defendants in the action.*

(Emphasis added.)  Similarly, Local Rule 5(b) states:

> Removals:  Required Filing of the Entire State Court Record.  In addition to the
> requirements for removal set forth in 28 U.S.C. § 1446, a defendant or defendants
> desiring to remove any civil action or criminal prosecution from a state court must
> file as an exhibit to its Notice of Removal a copy of the entire state court record in
> the format required by the Administrative Procedures for Electronic Case Filing
> for the district to which it is removed.  If the removing defendant or defendants
> cannot practicably obtain a copy of the entire state court record by the date of
> removal, then—and only then—the removing defendant or defendants must
> obtain and electronically file the complete copy . . . *no later than fourteen days
> from the date of removal.*

(Emphasis added.)

    Plaintiff contends that Defendants did not attach all process, pleadings, and orders which

were served upon them, thus removal was procedurally defective.  In support of her motion, she

attached the full state-court record, totaling over ninety (90) pages.  Pl.'s Mem., Ex. C, State

Court Rec. [5-3].  In contrast, Defendants attached only thirty-seven (37) pages of the state-court

record to their notice of removal. State Court Rec. [1-1].[2] They have not supplemented the record within fourteen days of removal as provided by Local Rule 5(b), nor have they sought leave to supplement the record outside of this time frame. *See James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 499 F. Supp. 2d 710, 712 (E.D. Tex. 2007) (denying remand and granting defendant's motion to supplement the record).

Defendants do not deny that they failed to comply with § 1446(a), but instead argue that any defect has been cured by virtue of Plaintiff's filing of the entire state-court record. Defendants rely on *Phillips v. First Tower Loan, Inc.*, Civ. No. 2:12CV123 KS-JMR, 2012 WL 5873360, at *3 (S.D. Miss. Nov. 20, 2012), in which the court held:

> The majority of courts, including the United States Court of Appeals for the Fifth Circuit, take the view that the failure to include all state court documents with a notice of removal is a procedural defect that may be cured *by the removing party*. *See, e.g., Walton v. Bayer Corp.*, 643 F.3d 994, 998–99 (7th Cir. 2011) (holding that the defendants' failure to include a summons with their notice of removal was a minor procedural defect that could be cured after the thirty (30) day removal period); *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1273 (10th Cir. 2011) (same); *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir. 1958) (noting that if any state court documents "are lacking from the original removal record, they may be later supplied"); *James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 499 F. Supp. 2d 710, 712 (E.D. Tex. 2007) (concluding that the omission of state court service of process papers from the notice of removal filing was a mere procedural error not affecting jurisdiction; and, allowing the defendants to supplement the removal record); *see also* 14C Charles Alan Wright et al., Federal Practice and Procedure § 3733 (4th ed.) (providing that the failure to file all state court papers with the notice of removal is "curable in the federal court").

---

[2] Defendants attached the summons addressed to Robert Shuler Smith and the Amended Complaint, along with its attachments. As examples, Defendants failed to include four orders of recusal and two applications for clerk's entry of default. *See* Pl.'s Mem. [5-3].

3

(Emphasis added.)  While Defendants are correct, they did not supplement the removal record. The entire state-court record appears on the docket only as an attachment to *Plaintiff's* motion to remand.  Thus, in the Court's view, Defendants have not cured the defect.

Nevertheless, in the end, procedural defects in removal are not jurisdictional.  *Covington*, 251 F.2d at 933.  And § 1447(b) explicitly allows the Court to "require the removing party to file with its clerk copies of all records and proceedings in such State court."  Accordingly, the Court will allow Defendants ten (10) days to file the entire state-court record as a supplement to their notice of removal and properly cure the defect in removal.

III.    Conclusion

For the reasons described, the Court finds that Defendants should be given ten (10) days to file the entire state court record as a supplement to their notice of removal.  Failure to comply will result in the Court granting Plaintiff's motion to remand without further notice.

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

4