IN THE _Circuit_ COURT OF THE ___1st___ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

_Gale Nelson Walker_

PLAINTIFF

VS.

NO. _251-15-364_

_Robert Shuler Smith_

DEFENDANT

 

I, BARBARA DUNN, CIRCUIT CLERK, OF THE CIRCUIT COURT

IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT

THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS

FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE,

AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE IN DOCKET

BOOK NO. _____ PAGE NO. _____ TO WIT:

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE __17__

DAY OF _Dec_ , _2015_

 

BARBARA DUNN, CIRCUIT CLERK
HINDS COUNTY, MISSISSIPPI

BY _____

CCKCTF1

# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

### Barbara Dunn

Receipt No. 20805                          Date: 7/13/2015

Received From:    Gale Walker
Transaction Type: Filing Fee
Payment:          Cash
Clerk:            TC
Comments:

| Case No. | Case title | Amount Paid |
| --- | --- | --- |
| 25CI1:15-cv-00364-TTG | WALKER v. SMITH | $161 |

**FILED**

JUL 13 2015

BARBARA DUNN, CIRCUIT CLERK

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

GALE NELSON WALKER                                                          **Plaintiff**

CIVIL ACTION NO.: 15-364

ROBERT SHULER SMITH, individually and in his official capacity as
District Attorney of Hinds County Mississippi; and
Hinds County, Mississippi                                                  **Defendants**

JURY TRIAL DEMANDED

### COMPLAINT

Plaintiff brings this action to recover actual and punitive damages for violation of

First Amendment rights and for state law claims of malicious interference with

employment relations, civil conspiracy, and discharge in violation of public policy.

Plaintiff would show that the following facts support this cause of action:

-1-

Plaintiff, GALE NELSON WALKER, is an adult resident citizen who resides at

152 Windy Hill Cove, Raymond, Mississippi  39154.

-2-

Defendant, ROBERT SHULER SMITH, is the District Attorney of Hinds County,

Mississippi.  Smith is sued in his official and individual capacities.  He may be served

with process at his place of employment at the Hinds County Courthouse, 407 East

Pascagoula Street, Jackson, Mississippi  39205.

Defendant, Hinds County, may be served with process through the Hinds County

Board of Supervisors President, Peggy Hobson Calhoun. She may be served with

process at her place of employment at the Hinds County Chancery Courthouse, 316

South President Street, Jackson, Mississippi, 39201. In addition, Ms. Carmen Davis,

Hinds County Administrator may be served with process at her place of employment at the Hinds County Chancery Courthouse, 316 South President Street, Jackson, Mississippi, 39201.

Pursuant to Miss. Code Ann. § 11-46-11, Ms. Eddie Jean Carr, Hinds County Chancery Clerk, may be served with process at her place of employment at the Hinds County Chancery Courthouse, 316 South President Street, Jackson, Mississippi, 39201.

-3-

This Court has concurrent jurisdiction for these claims which are authorized by 42 U.S.C. §1983 and are based on violations of rights under the United States Constitution.

-4-

Plaintiff, Gale Nelson Walker, worked as an Assistant District Attorney in Hinds County, Mississippi. She was hired in September, 2012. On the evening of January 9, 2014, Plaintiff was fired.

-5-

Plaintiff was assigned a caseload and performed effectively as an Assistant District Attorney in Hinds County by never losing a case. Even in the face of trying several "cold cases" with only circumstantial evidence, Plaintiff effectively prosecuted cases and consistently received guilty verdicts.

-6-

Plaintiff was informed by the District Attorney that she had tried more cases than most other Assistant District Attorneys who had been employed several years even though she was employed for only fifteen months. Plaintiff consistently received

commendation from District Attorney Smith, Judges, co-workers, crime victims and/or their family members, defense attorneys, and others.

-7-

On June 5, 2013, a crime victim/family member and he children were seated and waiting in the lobby of the District Attorney's Office to meet with someone in the DA's office. Several employees of the DA's office were smoking in the stairwell adjacent to the lobby. The smoke had become so thick in the lobby that the children were coughing due to the heavy smoke. In addition, one of the receptionists who sat in the lobby was pregnant. As a citizen, Plaintiff confronted the co-workers who were violating the law/ordinance by smoking in the courthouse building and asked them to stop smoking because of the mother and children who were waiting in the lobby.

-8-

In addition, Plaintiff discussed the issue with the Office Manager and asked her to intervene. She spoke to the smokers as well. That same day, Plaintiff reported the events, as a citizen, to the District Attorney in writing. At some point that same day or the next day, the smoking was reported to the State Fire Marshal's office. A State Fire Marshal Investigator visited the DA's Office in response to the reported complaint and met with District Attorney Smith. Based upon information and belief, the investigator issued warnings regarding the illegal smoking in the Courthouse building.

-9-

After the Fire Marshal's visit, Plaintiff was blamed for reporting the smoking issue to the State Fire Marshal's Office. A co-worker voiced her displeasure with Plaintiff and

issued a threat in the presence of other employees by stating that no one would "get away with" reporting the District Attorney.

-10-

On August 9, 2013, Plaintiff notified District Attorney Smith and his Administrative Assistant, in writing, that someone had vandalized the name tag at her county parking lot designated parking space.  The Administrative Assistant responded that she would "check into it" by communicating with the County Administrator.  Plaintiff did not receive any follow up information regarding this incident.

-11-

In September, 2013, Plaintiff self-disclosed that she had written a personal letter on DA office letterhead.  District Attorney Smith verbalized his understanding of the matter and affirmed that he forgave Plaintiff and assured her that she did not need to worry about losing my job over this issue.  District Attorney Smith told Plaintiff to "stop tripping" about writing the letter.  Smith affirmed that Plaintiff would have a job as long as she wanted to work in his office because of the "good work" that she was doing and the difference that she made as an employee in his office. After this conversation with District Attorney Smith, no further discussion about this letter occurred.

-12-

On October 13, 2013, Plaintiff received an intimidating, harassing telephone call on her personal cell phone from a male called who asked, "Do you know Jesus?" twice before hanging up the telephone.

-13-

On October 15, 2013, one of the Hinds County Public Defenders delivered an "anonymous letter" to Plaintiff in court during docket call. The writer claimed to be facing felony charges and to have knowledge of insufficient funds checks that Plaintiff had written in the past. This person requested the Public Defender's assistance to "seek justice for me and everybody else who has charges before this woman try and throw people away."

-14-

On October 15, 2013, Plaintiff notified District Attorney Smith of the anonymous letter and requested a meeting with him regarding this letter. Plaintiff voiced concern, as a citizen, that the security had been breached in the computer system for the check unit. As a citizen, Plaintiff was concerned that if a person facing felony criminal charges could access her information they could access and use information from the system against any other citizen. This information could potentially be utilized to intimidate victims, witnesses, other assistant district attorneys, judges, attorneys, and/or anyone else in the public who may have a history in the check unit. This breach was a serious matter of public concern. This was a clear violation of privacy and confidential district attorney office information. Further, someone had breached the security of the data in the system to actively, purposely, and with malicious intent seek information to use to threaten, coerce, harass, and intimidate.

-15-

On October 16, 2013, after notifying District Attorney Smith that she would contact the FBI, District Attorney Smith stated that this was not a federal issue and gave his permission for Plaintiff to contact the MBI (Mississippi Bureau of Investigation)

instead. District Attorney Smith stated that he would meet with the agency with Plaintiff. Further, he requested that Plaintiff invite MBI to come to the District Attorney's Office for a meeting.

-16-

On the morning of October 17, 2013, MBI agents responded to the request by coming to the DA's Office to meet. District Attorney Smith was in the office; however, he did not come into the meeting. He stated that he had some other issues to deal with and asked Plaintiff to proceed with the meeting.

-17-

The MBI started an investigation with prior, full approval of District Attorney Smith. Plaintiff advised District Attorney Smith of everything MBI was doing and was planning to do. Inexplicably, the investigation was suddenly called off by someone after a few days and was not completed.

-18-

On the evening of January 9, 2014, Plaintiff was fired. Plaintiff was fired on the front porch of a restaurant after attending a baby shower for a co-worker. The termination notice was provided to Plaintiff by an investigator from the Hinds County District Attorney's Office. The investigator informed Plaintiff that she was terminated and handed her an envelope which contained a termination notice. The Investigator informed Plaintiff that when she left work at 5:00 p.m. that day, several people had packed up her belongings. Plaintiff's belongings were in the Investigator's car, for delivery to Plaintiff. No additional information was given to Plaintiff.

-19-

Defendants are liable to Plaintiff because they caused Plaintiff's termination in retaliation for properly exercising her First Amendment rights to free speech to report matters of public concern.

-20-

Due to and as a result of the acts of District Attorney Smith, Plaintiff has sustained the following injuries:

    a.    Pain & suffering;
    b.    Mental anguish and emotional distress;
    c.    Humiliation;
    d.    Damage to professional reputation;
    e.    Loss of professional status;
    f.    Lost earnings;
    g.    Lost earning potential
    h.    Other financial injuries

-21-

The actions of the District Attorney are outrageous, such that punitive damages are due.

**PRAYER**

Plaintiff prays for actual and punitive damages in an amount to be determined by a jury.

Plaintiff also prays for reasonable attorney's fees and costs.

Respectfully submitted,
GALE N. WALKER, Pro Se

Gale N. Walker, Esquire
MSB #101109
152 Windy Hill Cove
Raymond, MS
(601) 606-3296

## CERTIFICATE OF SERVICE

I, Gale N. Walker do hereby certify that I will affect process of service upon Defendants as follows:
District Attorney Robert Shuler Smith
Hinds County Courthouse
407 East Pascagoula Street
5th Floor
Jackson, MS  39205

Ms. Eddie Jean Carr
Hinds County Chancery Clerk
316 South President Street
Jackson, MS  39201

Ms. Peggy Hobson-Calhoun, President
Hinds County Board of Supervisors
316 South President Street
Jackson, MS  39201

Ms. Carmen Davis, County Administrator
Hinds County Board of Supervisors
316 South President Street
Jackson, MS  39201

This  the 13th day of July, 2015.

_Gale N. Walker_
Gale N. Walker, Esquire

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 1/1/2001)

| Court Identification Docket Number | | | | Case Year | Docket Number |
|---|---|---|---|---|---|
| County # | Judicial District | Court ID (CH, CI, CO) | | | Local Docket ID |
| Month | Date | Year | | | Case Number if filed prior to 1/1/94 |

This area to be completed by clerk

IN THE CIRCUIT _____ COURT OF HINDS _____ COUNTY

Short Style of Case: Walker v Smith

Party Filing Initial Pleading; Type/Print Name  Gale Nelson Walker       MS Bar No.  101109
___ Check (✓) if Not an Attorney    ___ Check (✓) if Pro Hac Vice     Signature: _____
Compensatory Damages Sought:  $ _____      Punitive Damages Sought: $ _____

*Is Child Support contemplated as an issue in this suit?* ___ Yes ___ No   If "yes" is checked, please submit a completed Child Support
Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual  Walker _____ Gale _____ ( _____ ) N ___
             Last Name        First Name        Maiden Name, If Applicable   Middle Init.   Jr/Sr/III/IV
Address of Plaintiff
___ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
     Estate of _____
___ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
     D/B/A / Agency _____
Business _____
          *Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated*
___ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
     D/B/A: _____

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual  Smith _____ Robert _____ ( _____ ) S ___
             Last Name        First Name        Maiden Name, If Applicable   Middle Init.   Jr/Sr/III/IV
___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
     Estate of _____
___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
     D/B/A / Agency _____
Business _____
          *Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated*
___ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
     D/B/A: _____
ATTORNEY FOR THIS DEFENDANT: ___ Bar No. ___ or  Name: _____ Pro Hac Vice (✓) ___
(if known)

*In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.*

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Bankruptcy
- [ ] Business Dissolution - Corporation
- [ ] Business Dissolution - Partnership
- [ ] Debt Collection
- [ ] Employment
- [ ] Examination of Debtor
- [ ] Execution
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Pension
- [ ] Receivership
- [ ] Replevin
- [ ] Stockholder Suit
- [ ] Other

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce: Fault
- [ ] Divorce: Irreconcilable Differences
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Termination of Parental Rights
- [ ] UIFSA (formerly URESA)
- [ ] Other

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Product Liability under Contract
- [ ] Specific Performance
- [ ] Other

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Power of Attorney
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Other

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] ERISA
- [ ] Eminent Domain
- [ ] Extraordinary Writ
- [ ] Federal Statutes
- [ ] Injunction or Restraining Order
- [ ] Municipal Annexation
- [ ] Racketeering (RICO)
- [ ] Railroad
- [ ] Seaman
- [ ] Other

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Employment Security Comm'n
- [ ] Municipal Court
- [ ] Oil & Gas Board
- [ ] Workers' Compensation
- [ ] Other

**Children and Minors - Non-Domestic**
- [ ] Adoption - Noncontested
- [ ] Consent to Abortion for Minor
- [ ] Removal of Minority
- [ ] Other

**Torts-Personal Injury**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Products Liability
- [ ] Wrongful Death
- [x] Other   *Employment Discrimination*

**Mass Tort**
- [ ] Asbestos
- [ ] Chemical Spill
- [ ] Dioxin
- [ ] Hand/Arm Vibration
- [ ] Hearing Loss
- [ ] Radioactive Materials
- [ ] Other

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Receiver Appointment
- [ ] Tax Sale: Confirmation/Cancellation
- [ ] Title Boundary &/or Easement
- [ ] Other

**Civil Rights**
- [ ] Elections
- [ ] Habeas Corpus
- [ ] Post Conviction Relief
- [ ] Prisoner
- [ ] Other

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISIPPI
### FIRST JUDICIAL DISTRICT

GALE NELSON WALKER                                                    Plaintiff

VS.                                  CIVIL ACTION NO.: 1:15CV-00364-TTG

ROBERT SHULER SMITH, Individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
HINDS COUNTY, MISSISSIPPI; and
JOHN or JANE DOES 1-10                                              Defendants

### JURY TRIAL DEMANDED

### AMENDED COMPLAINT

NOW COMES Plaintiff, GALE NELSON WALKER, proceeding pro se, and brings

this Amended Complaint against the Defendants. Plaintiff brings this action to recover

actual and punitive damages for violations of her First and Fourteenth Amendment

rights and for state law claims of civil conspiracy, violation of the computer fraud and

abuse act (CFAA), discharge in violation of public policy, invasion of privacy, and

intentional infliction of emotional distress.  The actions of defendants described herein

constitute violations of Title VII of the Civil Rights Act of 1964, as amended.  Plaintiff's

claims are authorized by 42 U.S.C. § 1983. Plaintiff would show that the following facts

support this action:

### I. PARTIES

1. Plaintiff, GALE NELSON WALKER, is an African American, female resident

citizen of Hinds County, Mississippi and resides at 152 Windy Hill Cove, Raymond,

Mississippi, 39154.

2. At all times relevant hereto, the Plaintiff was employed by the Hinds County

District Attorney's Office where Defendant, ROBERT SHULER SMITH, was her

supervisor, the final policymaker for the Hinds County District Attorney's Office, and was

in charge of supervision, training, and management over all employees in the District

Attorney's Office.

3.  Defendant, ROBERT SHULER SMITH, is the District Attorney of Hinds

County, Mississippi.  Smith is sued in his official and individual capacities.  He may be

served with process at his place of employment at the Hinds County Courthouse, 407

East Pascagoula Street, Jackson, Mississippi, 39205.

4.  Defendant, HINDS COUNTY, MISSISSIPPI, is a political subdivision within

the State of Mississippi, with the ability to sue and be sued, and which at all times

relevant hereto employed Plaintiff, Gale Nelson Walker, and Defendants, Robert Shuler

Smith, and some or all of the as yet unidentified John or Jane Does 1-10.

5.  At all times relevant, the Defendant, Hinds County, Mississippi, was an

employer as defined by § 701(b) of Title VII as amended by the 1991 Civil Rights Act

and the 1964 Civil Rights Act, 42 U.S.C. 2000e, et seq.

6.  Defendant, HINDS COUNTY, MISSISSIPPI, may be served with service of

process through service upon Eddie Jean Carr, in her official capacity as Chancery

Clerk of Hinds County, Mississippi, at the Hinds County Chancery Courthouse, 316

South President Street, Jackson, Mississippi, 39201.  Service may also be made upon

Peggy Hobson Calhoun, in her official capacity as President of the Board of Supervisors

of Hinds County, Mississippi, at her office at the Hinds County Chancery Courthouse,

316 South President Street, Jackson, Mississippi, 39201.

7.  Defendant, ROBERT SHULER SMITH, is a citizen of and resides in Hinds

County, Mississippi. At all relevant times, Smith was employed as the District Attorney

of Hinds County, Mississippi, and was granted and possessed the powers of

2

supervision, training, and management over all employees of the Hinds County District Attorney's Office. Smith was, and is, the final policymaker of the Hinds County District Attorney's Office. At all relevant times, Smith was acting and/or neglected to act in the course and scope of his employment and position as the District Attorney of Hinds County, Mississippi.

8. Based upon information and belief, Smith was involved in conspiratorial conduct with another and/or other Defendants to violate the Plaintiff's constitutional and statutory rights.

9. Plaintiff is unaware and/or unsure of the actual names and capacities of Defendants John or Jane Does 1-10. Plaintiff will amend this complaint to allege their true names and capacities when able. Plaintiff is informed and believes, and on that basis, alleges that each fictitiously-named Defendant is responsible in some manner for the occurrences alleged in this Complaint. Plaintiff's injuries were proximately caused by the conspiratorial conduct of each such Defendant.

## II. JURISDICTION AND VENUE

10. This cause of action is filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, pursuant to 42 U.S.C. § 2000e et. seq., to redress the injuries sustained by the Plaintiff as a result of the unlawful discrimination and retaliation by the Defendants.

11. This Court has jurisdiction over the parties and the subject matter of this cause of action with regard to Plaintiff's claims of discrimination and constitutional equal protection rights. This Court has jurisdiction over the Plaintiff's state law claims of civil

conspiracy, violation of the computer fraud and abuse act (CFAA), discharge in violation of public policy, invasion of privacy, and intentional infliction of emotional distress.

12. The causes of action alleged herein arose from the Defendants' acts and omissions in Hinds County, Mississippi.

13. Defendant Hinds County, Mississippi, is a political subdivision of the State of Mississippi.

14. Venue over Plaintiff's claims under Title VII is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

15. This Court also has jurisdiction over a claim for injunctive and declaratory relief against Defendant Smith, as authorized by 42 U.S.C. § 1983, to redress a claim for violation of the First and Fourteenth Amendments.

### III. PROCEDURAL PREREQUISITES

16. Plaintiff would show that she has exhausted her administrative remedies as required by 42 U.S.C. §2000e, et seq., in that she made a timely filing of her charges of discrimination with the Equal Employment Opportunity Commission.

17. Plaintiff received a Notice of Right to Sue from the United States Department of Justice, Civil Rights Division dated August 24, 2015, a true and accurate copy of which is attached hereto as "Exhibit A." Fewer than ninety days have passed since Plaintiff received the notice. This complaint is therefore timely filed with this Court.

18. Plaintiff timely provided her written Notice of Claim to Defendants, Robert Shuler Smith and Hinds County, Mississippi, pursuant to the provisions of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq.

## IV. <u>STATEMENT OF FACTS RELEVANT TO ALL CLAIMS</u>

19. In January, 2011, Plaintiff, Gale Nelson Walker began her employment as Assistant District Attorney in Holmes, Humphreys, and Yazoo counties (Twenty-first Judicial District).

20. Due to Plaintiff's effectiveness and competence as an Assistant District Attorney, in July, 2012, Defendant Robert Shuler Smith (hereinafter Defendant Smith) actively started recruiting Plaintiff to work as an Assistant District Attorney in Hinds County, Mississippi (Seventh Judicial District).

21. In August, 2012, Defendant Smith successfully encouraged Plaintiff to resign from her position in the Twenty-First Judicial District and begin employment as an Assistant District Attorney in Hinds County, Mississippi (Seventh Judicial District).

22. Plaintiff began her employment as an Assistant District Attorney in Hinds County, Mississippi on August 27, 2012.

23. Plaintiff was assigned a caseload of more than 75 cases in a courtroom which adhered to a demanding, rigorous trial schedule.  In reference to Plaintiff's effectiveness and competence as an Assistant District Attorney in Hinds County, she never lost a case.

24. Even in the face of trying several "cold cases" with only circumstantial evidence, Plaintiff and her trial partner effectively and competently prosecuted cases and consistently received guilty verdicts.

25. Plaintiff was often commended by Defendant Smith and was told that she had tried more cases within the year that she had been employed than most other

5

Assistant District Attorneys who had been employed several years. Plaintiff consistently received commendation from Defendant Smith, Judges, co-workers, crime victims and/or their family members, defense attorneys, and others.

26. Plaintiff never received a formal written or verbal performance evaluation; however, Defendant Smith often expressed verbal satisfaction and approval for the job that Plaintiff was doing.

27. In September, 2013, Walker requested a meeting with Smith and self-disclosed that she had written a personal letter on District Attorney office letterhead. Plaintiff disclosed that she had written a letter to a self-storage facility regarding delinquent storage rental fees.

28. Plaintiff admitted to Defendant Smith that she had composed the letter in desperation and took responsibility for misrepresenting to the facility that she was waiting for approval from the State of Mississippi to pay the storage fees. Plaintiff asked Defendant Smith for forgiveness and inquired about what he was going to do about the letterhead use.

29. Defendant Smith verbalized his understanding of the act of desperation and affirmed that he forgave Plaintiff and assured her that she did not need to worry about losing her job over the letterhead issue. Defendant Smith told Plaintiff to "stop tripping" about writing the letter.

30. Defendant Smith verbally assured Plaintiff that she would have a job as long as she wanted to work in his office because of the "good work" that she was doing and the positive difference that she made as an employee in the Hinds County District Attorney's office.

6

31. After the self-disclosure to Defendant Smith, no further discussion between Plaintiff and Defendant Smith took place regarding the letter and the use of the office letterhead. Plaintiff did not again use the office letterhead for a personal reason.

32. Plaintiff continued to work effectively by prosecuting the cases that were assigned to her.

33. Defendant Smith and several employees constantly violated the no-smoking ordinance by smoking in the Hinds County Courthouse. They regularly smoked in the alcove leading to the stairwell, on the stairwell of the main office area, and on the roof of the Hinds County Courthouse building. The back draft of the airflow allowed the smoke to spread into the commons area, the lobby, the work area, and office areas.

34. Plaintiff often complained about the second-hand smoke from the time she started working in the Hinds County DA's Office until the day she was fired. Plaintiff complained about the smoke to the District Attorney and co-workers.

35. As a result of Plaintiff's complaints, the "smokers" erected a shower curtain in the alcove area to prevent the backflow of smoke and installed a portable air filter; however, this did not prevent the smoke from accumulating in the commons area and office areas. The accumulation of, and exposure to, the second-hand smoke was a hazard to the public. In addition, smoking was prohibited in the Courthouse by the State Fire Marshall and ordinances.

36. The staff of the District Attorney's Office regularly met with victims and/or their family members, witnesses, police officers, investigators, expert witnesses, and others regarding case investigation and trial preparation in the offices. During hearings

and trials, victims and/or their family members including children, would pass the time in the office.

37. These citizen visitors often complained about the smoke in the office areas. In addition, a co-worker often left work after becoming ill due to the overwhelming presence of second-hand smoke.

38. On June 5, 2013, a crime victim/family member was in the lobby with her children to meet with a co-worker. The smoke had become so thick in the commons area/lobby that the children were coughing due to the heavy smoke. In addition, one of the receptionists who sat in the commons area/lobby was pregnant.

39. On June 5, 2013, Plaintiff confronted several co-workers who were violating the law/ordinance by smoking in the courthouse building. The group was smoking on the stairwell of the main office area. After Plaintiff confronted the group and asked them to stop smoking because of the visitors, the mother of the children thanked Plaintiff and verbalized her own dissatisfaction with the situation.

40. During the same encounter, Plaintiff went to the Office Manager and asked her to intervene. The Office Manager spoke to the smokers as well.

41. That same day, Plaintiff reported the events, as a citizen, to the District Attorney in writing. At some point that same day or the next day, the smoking was reported to the State Fire Marshal's office.

42. A State Fire Marshal Investigator visited the DA's Office in response to the reported complaint and met with Defendant Smith. Based upon information and belief, the investigator issued a warning regarding the smoking, the curtain, and the ash tray that was in the stairwell.

43. After the Fire Marshal's visit, Plaintiff was blamed for reporting the smoking issue to the State Fire Marshal's Office. A co-worker voiced her displeasure with Plaintiff and issued a threat in the presence of other employees by stating that no one would "get away with" reporting the District Attorney.

44. Based upon information and belief, this is when two or more Defendants conspired and developed a plan to harass, intimidate, threaten and retaliate against Plaintiff for exercising her First Amendment right to free speech when reporting the illegal smoking in the office.

45. On August 9, 2013, Plaintiff notified Defendant Smith and his Administrative Assistant, in an email message, that someone had vandalized her name tag at her designated parking space in the Hinds County employee parking lot. Plaintiff informed them that she was afraid for her safety and requested an inquiry as to whether or not there was video surveillance film of the parking lot.

46. Defendant Smith never acknowledged Plaintiff's email. Several weeks pass and Plaintiff inquired again. Defendant Smith's Administrative Assistant responded that she would "check into it" by communicating with the County Administrator. Plaintiff never heard anything else from anyone about her request for possible review of video surveillance film of the parking lot.

47. On October 13, 2013, Plaintiff received an intimidating, harassing telephone call on her personal cell phone from a male called who asked, "Do you know Jesus?" twice before she hung up the telephone.

48. On October 15, 2013, one of the Hinds County Public Defenders delivered an "anonymous letter" to Plaintiff in open court during docket call, a true and accurate copy

9

of which is attached hereto as "Exhibit B." The external envelope was from the Public Defender's Office. The words "Personal and Confidential" had been handwritten on the outside of the envelope by the Public Defender.

49. Inside the envelope was a second envelope, which had been sent by United States Mail, with a postmark date of July 19, 2013 and was specifically addressed to the Public Defender who delivered the letter to Plaintiff. The Public Defender had attached a sticky note which stated: "I got this in July & stuck it in the drawer & forgot about it. Today, I was looking for a stamp and found it."

50. Inside the second envelope was a typed letter with no date. The letter was purportedly written by a person facing felony charges and the possibility of going to jail for the charges. The writer claimed to have knowledge of bad checks that Plaintiff had written in the past. The writer requested the Public Defender's assistance to "seek justice for me and everybody else who has charges before this woman try and throw people away."

51. Plaintiff immediately went to the Bad Check Unit in the District Attorney's office area and showed the letter to the employee who worked alone in the Bad Check Unit. Plaintiff inquired if the employee knew anything at all about the anonymous letter. The employee stated that she did not have knowledge of any of this.

52. Next, Plaintiff made an inquiry as to who had access to the Bad Check Unit computer information. The employee stated that aside from her, District Attorney Smith and perhaps one other employee could access the confidential check unit information in the computer system by using their passwords/pass codes.

53. The check unit employee affirmed that the information in the check system computer database was not public information and could not be accessed by the public. At that time, Plaintiff requested that the employee retrieve Plaintiff's check history in the check unit computer.

54. The check unit employee retrieved the information and gave all available printouts regarding Plaintiff's checks to Plaintiff. The documents indicated that the checks had been written many years ago (10-18 years) and that restitution had been paid many years ago for the checks.

55. Next, Plaintiff called Defendant Smith and asked him to come to the office for a meeting. When Defendant Smith arrived in the office, Plaintiff gave him the anonymous letter and the printouts that she had requested and received from the check unit employee.

56. Plaintiff and Defendant Smith discussed the information. During their discussion, Plaintiff raised concerns, as a citizen, that the security had been breached in the computer system for the check unit. As a citizen, Plaintiff was concerned that if a person facing felony criminal charges could access her information then someone could access and use information from the system against any other citizen of Hinds County who may have information in the system.

57. Plaintiff reasoned with Defendant Smith that this information could potentially be utilized to intimidate victims, witnesses, other assistant district attorneys, judges, attorneys, and/or anyone else in the public who may have a history in the check unit.

58.  Plaintiff explained that this breach was a serious matter of public concern. Defendant Smith agreed.  They discussed the fact that this was a clear violation of privacy and confidential district attorney office information.

59.  Further, someone had breached the security of the data in the system to actively, purposely, and with malicious intent seek information to use to threaten, coerce, harass, and intimidate a citizen of Hinds County, Mississippi and an officer of the court.

60.  Plaintiff apologized to Defendant Smith for her check writing history.  He told Plaintiff not to worry about it.  Defendant Smith affirmed that this would not affect Plaintiff's job.  He noted that the checks had been written more than 10 years ago and that restitution had been paid in full.

61.  Defendant Smith verbalized that he understood that everyone has problems at one time or another.  He affirmed that Plaintiff was doing a great job as an Assistant District Attorney and that she should not worry about this issue.

62.  Plaintiff inquired of Defendant Smith what he was going to do to find out how the check system security was breached.  Defendant Smith stated that he wanted to think about it.  Later that evening, Plaintiff attempted unsuccessfully to reach Defendant Smith to discuss the issue.  She did not receive a response to her phone call or text message to him.

63.  The next morning, on October 16, 2013, Plaintiff notified Defendant Smith that since she had not heard from him that she would contact the FBI (Federal Bureau of Investigations).  Defendant Smith finally answered Plaintiff and stated that this was not a federal issue and that the two of them should meet and talk about the issue.

Plaintiff agreed. Plaintiff and Defendant Smith met in Smith's office. Defendant Smith could not offer any solution for the multiple issues that had occurred regarding Plaintiff's safety and the issues that she raised as a citizen of Hinds County, Mississippi.

64.   After Defendant Smith realized that Plaintiff was adamant in requesting an investigation into the security breach of the check system by a person facing felony charges, Defendant Smith requested that Plaintiff not contact the FBI.   Instead, he gave his permission for Plaintiff to contact the MBI (Mississippi Bureau of Investigations). Defendant Smith told Plaintiff that he would attend the meeting as well.   Defendant Smith requested that Plaintiff invite the MBI to come to the Hinds County District Attorney's office for the meeting.

65.   On the morning of October 17, 2013, the MBI agents responded to Plaintiff's request and came to the District Attorney's office to meet with Plaintiff and Defendant Smith to discuss the issues.

66. Defendant Smith was present in the office; however, he did not attend the meeting in the conference room with Plaintiff and the MBI agents.   Plaintiff went to Smith's office several times to let him know that the agents were present and waiting for him before starting the meeting.

67. Defendant Smith stated that he had some other issues to deal with and instructed Plaintiff to proceed with the meeting. He assured Plaintiff that he would join the meeting as soon as he could; however, Smith did not attend the meeting.

68.   Plaintiff discussed with the MBI investigators all of the pertinent details of the issues, including: the parking space name tag, the anonymous phone call, the anonymous letter, and the breach of security of the check system computer data. After

13

the meeting ended, Plaintiff went to Smith's office to inform him of the discussion and MBI's plan. Defendant Smith was nowhere to be found. He had left the building.

69. Subsequently, the MBI team started an investigation with Defendant Smith's prior, full approval. During the investigation, Plaintiff advised Defendant Smith of everything that the MBI team was doing and their plans. Plaintiff informed him that the MBI team may be able to gather data from the check system computer which may indicate the date, time, and access code which was used to access Plaintiff's check system documents.

70. Inexplicably, the MBI investigation was suddenly called off by someone without any notification to Plaintiff. Plaintiff noticed that the MBI agents were no longer accessible to her through any type of communication.

71. Plaintiff asked Defendant Smith about the cessation of the investigation; however, Smith stated that he did not know anything about it. Defendant Smith advised Plaintiff to call the MBI agents and ask them. Plaintiff attempted unsuccessfully to contact the MBI agents. The MBI agents did not return Plaintiff's phone calls.

72. Plaintiff continued to work effectively by prosecuting the cases that were assigned to her.

73. On the evening of January 9, 2014, Plaintiff and most of the employees of the Hinds County District Attorney's office attended a surprise baby shower for one of the Assistant District Attorneys. Defendant Smith and a few other employees did not attend the shower.

74. After the baby shower was over, as Plaintiff was leaving the restaurant, she was fired on the front porch of the restaurant by one of the Hinds County District Attorney Investigators who had attended the shower.

75. The termination notice was handed to Plaintiff by the investigator who then informed Plaintiff that she was fired and informed her that when she left work at 5:00 p.m. that day, several people had packed up her belongings that were in her office at the Hinds County courthouse. The investigator then informed Plaintiff that her belongings were in his car, for delivery to her. No additional information was given to Plaintiff.

76. Plaintiff was totally shocked and devastated as her abrupt termination was completely unexpected and without warning. Plaintiff had not received any reprimands, negative performance ratings, corrective instructions, or any prior notice of a possible termination.

77. The termination notice that Plaintiff received consisted of two (2) sentences and did not include a reason or explanation for the termination. Plaintiff attempted to contact Defendant Smith to inquire of the reason. Plaintiff did not receive any response from Defendant Smith.

78. Plaintiff received information, from third party sources, that on January 10, 2014, which was the day after she was fired, Defendant Smith met with several of her former co-workers and Judges and told them that he terminated her because of the bad checks that she had written in the past and because she had misused the District Attorney office letterhead. Defendant Smith showed the check unit documents and storage unit letter to Plaintiff's former co-workers and superiors.

79. On Monday, January 13, 2014, Defendant Smith sent check unit documents and the letter that Plaintiff had written to the storage company to the Mississippi Bar Association. Subsequently, as a result of Defendant Smith's submission, a bar complaint was filed against Plaintiff.

80. Plaintiff had previously enjoyed close associations with several of her co-workers; however, after she was fired the relationships ended as the co-workers would no longer communicate with Walker.

81. In reference to the use of the District Attorney office letterhead, a similarly situated white female employee at the District Attorney's office had previously used the office letterhead for personal reasons to communicate her personal opinion to the Mississippi Supreme Court. The matter in which she expressed her opinion was a major issue in the determination of criminal case assignment in the Hinds County Circuit Court System. When Defendant Smith found out about the letter he responded to the Mississippi Supreme Court by stating: "That letter was written on my letterhead and submitted as an exhibit; however it was done so without my authorization or knowledge." A true and correct copy of the letter is attached as Exhibit "C."

82. The previously mentioned similarly situated, white female, was not fired and continued to work as a staff member in the Hinds County District Attorney's Office until well after Plaintiff Walker was fired. Thus, Plaintiff Walker was discriminated against and treated differently than her co-worker.

83. In further reference to conduct by similarly situated co-workers, Defendant Smith had previously confided in Plaintiff that he needed to deal with a white male Assistant District Attorney for personal conduct that was damaging to the District

Attorney's office. Defendant Smith explained to Plaintiff that this male employee was intoxicated one evening and used his Assistant District Attorney's badge to exert influence and make a scene in a public bar. After leaving the bar intoxicated and being stopped by an officer, the male employee again used his badge to exert influence as an Assistant District Attorney. Defendant Smith confided that he received a telephone call from the officer and got out of his bed and went to the traffic stop location to take the intoxicated male employee home.

84.   On another occasion, the same similarly situated white male employee mentioned above posted information about an upcoming capital murder case on his Facebook page. During a hearing for change of venue, the criminal defense attorney used the Assistant District Attorney's Facebook post as a factor for the Judge to consider in granting the request for a change in venue. The change in venue was granted. This change in venue cost the taxpayers of Hinds County a tremendous amount of money. Yet, this similarly situated white male employee was not terminated. He continued to work as an Assistant District Attorney well after Plaintiff was fired. This is clear evidence of race and sex discrimination. Thus, Plaintiff was discriminated against and treated differently than her co-worker.

85.   Another situation that magnifies the discriminatory treatment of Plaintiff involves the firing of two non-African American male assistant district attorneys. These two similarly situated male employees were terminated by Defendant Smith. After their termination, they were permitted to continue to freely come and go in the office. Smith allowed them to remain on payroll for weeks. They were also allowed to pack their own offices and leave when they were ready to leave. This is in contrast to the way

Defendant Smith treated Plaintiff in that he had a team of people pack most of her belongings and deliver them to her at the restaurant where she was fired. This is clear evidence of race and sex discrimination.

86.  Plaintiff filed for unemployment compensation. Defendant Smith protested that Plaintiff qualified for benefits and sent check unit documents and the letter that Plaintiff had written to the storage company to the Mississippi Department of Employment Security.

87.  On February 10, 2014, Plaintiff timely filed a Charge of Discrimination alleging discrimination based on sex and race and retaliation charges with the Equal Employment Opportunity Commission ("EEOC"). Defendant Smith responded by sending check unit documents and the letter that Walker had written to the storage company to the EEOC.

88.  Plaintiff received a Notice of Right to Sue from the United States Department of Justice, Civil Rights Division dated August 24, 2015.

89.  On January 8, 2015, Plaintiff submitted a formal written Notice of Claim, pursuant to the Mississippi Tort Claims Act (Miss. Code Ann § 11-46-11, as amended), which provided notice of her claims for injuries, damages, and losses which were proximately caused by the actions of Smith (individually and in his official capacity as Hinds County, Mississippi District Attorney). Smith was served with the notice on the same day.

90.  Further, on January 8, 2015, the notice was also served upon others including Eddie Jean Carr (Hinds County Chancery Clerk); Peggy Hobson-Calhoun (President of Hinds County Board of Supervisors); Carmen Davis (County Administrator

for Hinds County Board of Supervisors); Lee Ann McElroy (Administrator of the Mississippi Tort Claims Board); and Robert Shuler Smith (Hinds County District Attorney).

91.   Plaintiff filed this action against Defendants because she was subjected to disparate treatment as compared to similarly situated employees and employees who had not engaged in protected activity.   Defendant Smith wrongfully and illegally terminated Plaintiff's employment  in retaliation for her complaining about Defendant Smith's and other employees unlawful smoking in the Hinds County Courthouse and in retaliation for her reporting the breach in the security of the District Attorney's office check unit computer system and for cooperating with MBI to investigate the breach.

92.   Defendant's discrimination and retaliation against Plaintiff violated the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution and is actionable pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et seq.

93.   As a proximate cause of Defendants wrongful acts, Walker has suffered injuries and damages.

94.   Due to, and as a result of the wrongful acts of Defendants, Walker has suffered embarrassment; fear; stress; anxiety; pain and suffering; mental anguish and emotional distress; humiliation; damage to her professional reputation; loss of professional status; lost earnings; lost earning potential; other financial injuries; loss of career opportunities; loss of zeal to be a public servant; and loss of enjoyment of life.

## V. CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF TITLE VII (Racial Discrimination)

95.　The foregoing paragraphs, 1-94, are realleged and incorporated by reference herein.

96.　During her employment with Defendant Hinds County, Mississippi, Plaintiff was a member of a class protected under Title VII against racial discrimination by her employer. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII.

### COUNT II - VIOLATION OF TITLE VII (Gender Discrimination)

97.　The foregoing paragraphs, 1-96, are realleged and incorporated by reference herein.

98.　During her employment with Defendant Hinds County, Mississippi, Plaintiff was a member of a class protected under Title VII against gender discrimination by her employer. The Defendant's conduct as alleged at length herein constitutes discrimination based on gender in violation of Title VII.

### COUNT III - DISCHARGE IN VIOLATION OF PUBLIC POLICY

99.　The foregoing paragraphs, 1-98, are realleged and incorporated by reference herein.

100.　Plaintiff exercised her First Amendment right to free speech when complaining, as a citizen, about the breach of the security of the check unit computer system.

101. Plaintiff engaged in activity protected under Title VII of the Civil Rights Act of 1964 by participating in the investigation by MBI regarding the breach of the security of the check unit computer system.

102. By Defendant Smith's actions, it shows a direct and causal connection between the Plaintiff invoking her constitutional rights and the resulting termination by Defendant Smith. Such unlawful employment practices violate 42 U.S.C. § 2000 e-5(b).

103. Defendants are liable to Plaintiff for violation of the First Amendment because they caused Plaintiffs' termination in retaliation for properly exercising her free speech right by truthfully reporting a breach of the security of the check unit computer system.

## COUNT IV – VIOLATION OF COMPUTER FRAUD AND ABUSE ACT (CFAA)

104. The foregoing paragraphs, 1-103, are realleged and incorporated by reference herein.

105. By either directing the actions of his subordinates, being grossly negligent in controlling his subordinates, or turning a blind eye to the fact that non-employees could access the confidential documents and computer databases in the District Attorney's office, Defendant Smith, individually and in his official capacity, allowed the retrieval and misappropriation of Plaintiff's personal confidential data. Defendants' actions indicate intentional unauthorized access to a protected government computer with specific intent to access documents without authorization.

106. Defendants are responsible for intentional, unauthorized access and use of confidential, non-public information stored in the District Attorney's computer databases.

21

107. The retrieval and release of this information by an "anonymous" person is in clear violation of the Computer Fraud and Abuse Act and caused harm to Plaintiff.

## COUNT V - CIVIL CONSPIRACY

108. The foregoing paragraphs, 1-107, are realleged and incorporated by reference herein.

109. By either directing the actions of his subordinates, being grossly negligent in controlling his subordinates, or turning a blind eye to the fact that non-employees could access the confidential documents and computer databases in the District Attorney's office, Defendant Smith, individually and in his official capacity, either participated in and allowed the conspiracy to take place regarding actions against the Plaintiff.

110. The defendants acted in concert and engaged in a conspiracy designed to harass, threaten, and intimidate, the Plaintiff. The defendants utilized the United States Mail to further their conspiracy. The Defendants caused harm to Plaintiff.

## COUNT VI – DISCHARGE IN VIOLATION OF PUBLIC POLICY

111. The foregoing paragraphs, 1-110, are realleged and incorporated by reference herein.

112. Plaintiff had exercised her constitutional right and privilege when she reported activities which violated the laws of the State of Mississippi and the United States of America. Defendant Smith wrongfully and illegally terminated Plaintiff's employment in retaliation for complaining about the smoking and the breach in the security of the check unit computer system maintained and utilized by the District Attorney's office and cooperating with MBI to investigate the breach.

113.  Defendant Smith wrongfully and illegally terminated Plaintiff's employment in violation of public policy of the State of Mississippi.

114.  Plaintiff has thus been denied equal protection of the laws in violation of the Fourteenth Amendment.

## COUNT VII – CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983

115.  The foregoing paragraphs, 1-114, are realleged and incorporated by reference herein.

116.   Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

117. At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs, and usages of Hinds County, Mississippi, and the Hinds County District Attorney's office within the meaning of 42 U.S.C. § 1983.

118. At all times relevant to this Complaint, Plaintiff Gale Nelson Walker, was an African American female employee of the Hinds County District Attorney's office.

119. Defendant, Hinds County, Mississippi, knew or should have known of the unlawful conduct, negligence, and events which occurred in violation of the laws of the United States and the State of Mississippi in the District Attorney's Office. Similar events had been reported to Hinds County prior to Plaintiff's Notice of Right to Sue.

120.  It is clear that Defendant Smith arbitrarily and unreasonably terminated Plaintiff from her position for unlawful reasons and motivation. The actions of Defendant Smith violate 42 U.S.C. § 1983 in violation of Plaintiff 's rights – substantive and procedural – secured and guaranteed to her by the First and Fourteenth Amendments of the United States Constitution. Because of this violation, Plaintiff has been deprived of federal rights under the color of state law.

23

121. By Defendants' actions, it shows a direct and causal connection between the Plaintiff invoking her constitutional rights and the resulting termination by Defendant. Such unlawful employment practices violate 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et seq.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

122. The foregoing paragraphs, 1-121, are realleged and incorporated by reference herein.

123. Defendant's conduct as described above was extreme and outrageous and was carried out with the intent of causing Plaintiff to suffer emotional distress.

124. By the aforesaid acts and omissions of Defendants, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

125. Defendants' actions have been such to evoke outrage and revulsion. Defendants' behavior has been malicious, willful, wanton, grossly careless, indifferent, and/or reckless. Because of this egregious conduct, Plaintiff has and will continue to suffer severe injuries. The injuries to Plaintiff were reasonable foreseeable. As a direct and proximate result of Defendants' extreme and atrocious conduct toward Plaintiff, Plaintiff has suffered lost wages and benefits, suffered extreme emotional distress, and has sustained other pecuniary loss. The unlawful actions of Defendants' were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT IX – INVASION OF PRIVACY

126. The foregoing paragraphs, 1-125, are realleged and incorporated by reference herein.

24

127.  As set forth herein, Defendants, and each of them, intruded into Plaintiff's seclusion or personal life by searching for and retrieving check unit documents in the confidential check unit database.

128.  At no time did Plaintiff consent to such intrusion.  Plaintiff had a reasonable expectation in privacy regarding these documents.  Such intrusion was highly offensive to Plaintiff and would also be highly offensive to a reasonable person.

129.  Plaintiff alleges that the Defendants, and each of them, by engaging in the aforementioned acts and/or authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

## COUNT X - <u>DAMAGES AND REMEDIES</u>

130.  The foregoing paragraphs, 1-129, are realleged and incorporated by reference herein.

131. The actions of the Defendants, and each of them, were intentional, malicious, unlawful, and/or so grossly negligent as to make these Defendants liable to the Plaintiff for punitive damages. Likewise the deliberate indifference of Hinds County, Mississippi rises to a level of gross negligence and should subject it to punitive damages.

132. As a direct and proximate result of Defendants' actions described hereinabove, the Plaintiff was caused to suffer the following injuries and damages:

> A.    Past, present and future embarrassment; fear; stress; anxiety; pain and suffering; mental anguish and emotional distress; humiliation;

25

damage to her professional reputation; loss of professional status; lost earning potential; other financial injuries; loss of career opportunities; loss of zeal to be a public servant; and loss of enjoyment of life.

B.  Past, present and future lost wages and loss of wage earning capacity.

C.  Attorney fees and costs pursuant to 42 U.S.C. § 2000e et seq., as amended by the 1991 Civil Rights Act and 42 U.S.C. § 1988, plus pre-judgment and post-judgment interest; and

D.  All other damages available under federal and state law, including punitive and/or exemplary.

133. On information and belief, Plaintiff alleges that her injuries will be permanent and that they have had significant consequences on her life.

134. That the aforesaid damages to the Plaintiff having been proximately caused by the negligence, gross negligence, wanton indifference, reckless disregard and/or malicious or intentional acts of the Defendants, the Plaintiff is entitled to sue and recover damages proximately resulting therefrom, including compensatory damages, punitive damages, attorney's fees, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of Mississippi and the United States of America.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands judgment of and from the Defendants in an amount that will reasonably compensate Plaintiff for her

injuries and/or damages and to punish Defendants in order to deter future wrongful conduct, including but not limited to the following:

A.  Compensatory and/or punitive damages directed against the Defendants, jointly and severally, inclusive of all costs and interest, as provided under the 1991 Civil Rights Act, for the fear; stress; anxiety; pain and suffering; mental anguish and emotional distress; humiliation; damage to her professional reputation; loss of professional status; lost earning potential; other financial injuries; loss of career opportunities; loss of zeal to be a public servant; and loss of enjoyment of life sustained by the Plaintiff as a result of the actions, practices, and omissions of the Defendants in their treatment of the Plaintiff.

B.  Additional compensatory damages directed against the Defendants, jointly and severally, inclusive of all costs and interest, as provided under the 1991 Civil Rights Act, for the fear; stress; anxiety; pain and suffering; mental anguish and emotional distress; humiliation; damage to her professional reputation; loss of professional status; lost earning potential; other financial injuries; loss of career opportunities; loss of zeal to be a public servant; and loss of enjoyment of life sustained by the Plaintiff as a result of the actions, practices, and omissions of the Defendants, jointly and severally, as provided under Federal and Mississippi law.

C.  Additional punitive damages directed against the Defendants, jointly and severally, exclusive of costs and interest, for the willful and wanton actions, practices and omissions on the part of the Defendants jointly and severally, as described hereinabove, as provided under Mississippi law.

D. Reasonable attorney fees pursuant to 42 U.S.C. § 2000e et seq., as

amended by the 1991 Civil Rights Act and 42 U.S.C. § 1988; and

E. All costs of court incurred herein, as well as all pre-judgment and post-

judgment interest as may be allowed by law.

Respectfully submitted,
**GALE NELSON WALKER**

By:_____

GALE NELSON WALKER (MSB #101109)
Pro Se

GALE N. WALKER  (MSB #101109)
**GALE WALKER LAW OFFICE, PLLC**
152 Windy Hill Cove
Raymond, Mississippi  39154
(601) 606-3296 Telephone
attorneygalewalker@gmail.com

Plaintiff proceeding pro se

## CERTIFICATE OF SERVICE

I, Gale N. Walker, do hereby certify that I have this day delivered a true and correct copy of the above, foregoing NOTICE OF SERVICE in manner prescribed by law to:

District Attorney Robert Shuler Smith
Hinds County Courthouse
407 East Pascagoula Street
5th Floor
Jackson, MS 39205

Ms. Eddie Jean Carr
Hinds County Chancery Clerk
316 South President Street
Jackson, MS 39201

Ms. Peggy Hobson-Calhoun, President
Hinds County Board of Supervisors
316 South President Street
Jackson, MS 39201

Ms. Carmen Davis, County Administrator
Hinds County Board of Supervisors
316 South President Street
Jackson, MS 39201

This the 10th day of November, 2015.

Gale N. Walker, Esquire
Pro Se

 25CI1:15-cv-00364      Document #: 3      Filed: 11/10/2015      Page 30 of 35

U.S. Department of Justice
Civil Rights Division

CERTIFIED MAIL
7014 0510 0000 2148 5101

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

August 24, 2015

Ms. Gale N. Walker
152 Windy Hill Cove
Raymond, MS  39154

Re:  EEOC Charge Against Hinds County District Attorney, et al.
No. 423201400657

Dear Ms. Walker:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Jackson Area Office, Jackson, MS.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

by  *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Jackson Area Office, EEOC
    Hinds County District Attorney, et al.

EXHIBIT "A"

HINDS COUNTY
OFFICE OF THE
PUBLIC DEFENDER
P.O. BOX 23029 • JACKSON, MS 39225

Cole Walker
Personal & Confidential

EXHIBIT "B"

Hinds County Public Defender
Ms. Alison Kelly
499 S. President street suite 100
Jackson, MS 39201

39201500025

19 JUL 2015 PM 2 L

Dear Ms. Kelly:

Since I am facing felony charges and the possibility of going to jail, I have some information that my lawyer should know about the conflict with the prosecutor. How can the Hinds county district attorney office charge me for something and be prosecuted by her initial is G.W. She has written so many bad checks in the past. It is totally unfair for people to be charged and she wrote bad checks to Wal-Mart back in 2003 and 2004.

I cannot reveal my identity because I am not sure who I can trust down there or anywhere. If you are really about justice then you need to check it out because I know it is a fact. Somebody should care enough about justice and really a public defender of the people then make them be fair. If all these checks can go away for her and she can prosecute people, then how can she put somebody in jail for anything. Where are her charges? Can a prosecutor have that on them and still prosecute other people? This is totally outrageous and unfair. Please do your job and seek justice for me and everybody else who has charges before this woman try and throw people away.

Sincerely,

Anonymously seeking justice

Robert Shuler Smith
District Attorney

Hinds County Courthouse
5th Floor



Hinds County Mississippi

Office: (601) 968-6568
Fax: (601) 968-6655
email: rsmith@co.hinds.ms.us

May 22, 2012

Honorable William L. Waller, Jr.
Chief Justice
Mississippi Supreme Court
P.O. Box 117
Jackson, MS 39205

**In Re: Order Establishing Civil and Criminal Divisions in the Hinds County Circuit Court.**

Dear Chief Justice Waller:

I am writing in reference to the above styled matter in which it has come to my attention that an employee of my office has written a letter supporting a particular opinion in the said dispute. That letter was written on my letterhead and submitted as an exhibit, however it was done so without my authorization or knowledge. While I have handled that discrepancy internally, I want to make it clear that the referenced letter does not necessarily reflect my opinion. As the elected District Attorney of Hinds County, I may share the same or a completely different opinion from what appears to be a majority in favor of this "divided docket." The letter was one of several letters from various officials including the former District Attorney. I want to make it clear that not only did I not authorize the subject letter from this office, but also I certainly did not collaborate with the former DA or anyone else for that matter.

My involvement in this matter consisted of one brief meeting, and that was only after the Circuit Court entered its subject order. I am fully capable and willing to offer my opinion if one is solicited. Regardless of this Court's ultimate ruling, I have concerns either way; as with the status quo and with the "divided docket."

EXHIBIT "C"

Thank you for your attention to this matter, and I remain,

Sincerely,

Robert S. Smith
District Attorney

cc: Judge Tommie Green
    Judge William Gowan
    Judge Winston Kidd
    Judge Jeffery Weill

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

GALE NELSON WALKER                                                      Plaintiff

vs                                                 Civil Action No.: 1:15CV-00364-TTG

ROBERT SHULER SMITH, individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
Hinds County, Mississippi; and
John or Jane Does 1-10                                              Defendants

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   District Attorney Robert Shuler Smith
      Hinds County Courthouse
      407 East Pascagoula Street
      5th Floor
      Jackson, MS  39205

**NOTICE TO DEFENDANT(S)**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand deliver a copy of a written response to the Complaint
to **Gale N. Walker**, the attorney for the Plaintiff, whose street address is 152 Windy Hill Cove,
Raymond, Mississippi.  Your response must be mailed or delivered within (30) days from the
date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this court within a
reasonable time afterward.

        Issued under my hand and the seal of said Court, this _10_ day of _Nov._,
2015.

                                        _____B. Dann_____
                                        Clerk of Hinds County, Mississippi



                                        _____

(Seal)

# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

GALE NELSON WALKER                                                      **Plaintiff**

**VS**                                                    Civil Action No.: 1:15CV-00364-TTG

ROBERT SHULER SMITH, individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
Hinds County, Mississippi; and
John or Jane Does 1-10                                                  **Defendants**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Ms. Eddie Jean Carr
      Hinds County Chancery Clerk
      316 South President Street
      Jackson, Mississippi 39201

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint
to **Gale N. Walker**, the attorney for the Plaintiff, whose street address is 152 Windy Hill Cove,
Raymond, Mississippi.  Your response must be mailed or delivered within (30) days from the
date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this court within a
reasonable time afterward.

Issued under my hand and the seal of said Court, this _10_ day of _Nov._,
2015.

_B. Pann_
Clerk of Hinds County, Mississippi



# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

GALE NELSON WALKER                                              **Plaintiff**

**VS**                                          Civil Action No.:  1:15CV-00364-TTG

ROBERT SHULER SMITH, individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
Hinds County, Mississippi; and
John or Jane Does 1-10                                         **Defendants**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Ms. Peggy Hobson-Calhoun, President
      Hinds County Board of Supervisors
      316 South President Street
      Jackson, Mississippi  39201

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand deliver a copy of a written response to the Complaint
to **Gale N. Walker**, the attorney for the Plaintiff, whose street address is 152 Windy Hill Cove,
Raymond, Mississippi.  Your response must be mailed or delivered within (30) days from the
date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this court within a
reasonable time afterward.

        Issued under my hand and the seal of said Court, this _10_ day of _Nov_____,
2015.

                                        _____
                                        Clerk of Hinds County, Mississippi

(Seal)

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

GALE NELSON WALKER                                                     **Plaintiff**

**vs**                                             Civil Action No.:  1:15CV-00364-TTG

ROBERT SHULER SMITH, individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
Hinds County, Mississippi; and
John or Jane Does 1-10                                              **Defendants**


### SUMMONS

THE STATE OF MISSISSIPPI

TO:   Ms. Carmen Davis, County Administrator
      Hinds County Board of Supervisors
      316 South President Street
      Jackson, Mississippi  39201

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand deliver a copy of a written response to the Complaint
to **Gale N. Walker**, the attorney for the Plaintiff, whose street address is 152 Windy Hill Cove,
Raymond, Mississippi.  Your response must be mailed or delivered within (30) days from the
date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this court within a
reasonable time afterward.

        Issued under my hand and the seal of said Court, this  _10_  day of  _Nov_ ,
2015.

                                          _B. Dann_
                                          Clerk of Hinds County, Mississippi

                                          _____ D.C.


(Seal)

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

GALE NELSON WALKER                                                           **Plaintiff**

VS.                                                  CIVIL ACTION NO.: 1:15CV-0364TTG

ROBERT SHULER SMITH, Individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
HINDS COUNTY, MISSISSIPPI; and
JOHN or JANE DOES 1-10                                                   **Defendants**

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO
## SERVE PROCESS ON DEFENDANT ROBERT SHULER SMITH

Plaintiff, Gale Nelson Walker, moves pursuant to Rules 4(h) and 6(b) of the Mississippi Rules of Civil Procedure for a 30-day extension of time to serve process on Defendant Robert Shuler Smith up to and including December 11, 2015. In support of this Motion, Plaintiff states as follows:

1.      Plaintiff filed her Complaint on July 13, 2015, and her Amended Complaint on November 10, 2015. The deadline for service of process of Plaintiff's Complaint was November 10, 2015.

2.      On November 10, 2015, Process Server, Mr. Edward McDonald, successfully served her Complaint and Amended Complaint on all Defendants except Defendant Smith. *See* copies of Service of Summons attached as Exhibit "A."

3.      That same day, Mr. Edward McDonald attempted to serve Defendant Smith at the Hinds County District Attorney's Office during business hours. Hinds County District Attorney employee Ms. Brenda Coleman informed Mr. Edward McDonald that Defendant Smith was not in the office, and she refused to accept service on his behalf. Mr. McDonald then asked for the employee designated to receive service on Defendant Smith's behalf.   Ms. Coleman informed Mr. McDonald that there was no

one available to accept service. *See* Affidavit of Mr. Edward McDonald (November 12, 2015), attached as Exhibit "B."

4.     Plaintiff diligently sought Defendant Smith's home address for the Process Server to serve Defendant Smith at his residence.  However, Plaintiff was unable to locate Defendant Smith's home address.

5.     Plaintiff has made diligent effort to serve Defendant Smith within the 120-day period allowed by the Mississippi Rules of Civil Procedure.

6.     Plaintiff would suffer great prejudice if the Court denied her request for additional time to serve Defendant Smith.

7.     The instant Motion is not made for reasons of delay, expense, or prejudice, but is offered so that the ends of justice may be met.

8.     In addition, Plaintiff would show that she experienced extraordinary difficulty when attempting to locate counsel for representation in this matter.  Plaintiff met with several attorneys, both in state and out of state and provided all of the supporting documentation for this case. Subsequently, Plaintiff was notified, by each and every one that their firm would not be able to proceed with representation in this case.  These attorneys represented that they declined representation, not because the case is not meritorious, but because of political reasons and/or their relationship with Defendant Robert Shuler Smith.  One such law firm even promised representation until the eve of a filing deadline.  Even after that, Plaintiff continued diligently to retain other counsel and was declined, for the final time, on November 9, 2015.  Plaintiff decided to proceed *pro se*. Therefore, Plaintiff has not delayed progress in this matter by choice.

9.     Accordingly, for good cause shown, Plaintiff requests a 30-day extension of time to serve process on Defendant Robert Shuler Smith up to and including December 11, 2015.

WHEREFORE, Plaintiff, for good cause shown, requests a 30-day extension of time to serve process on Defendant Robert Shuler Smith up to and including December 11, 2015.

This the 12th day of November 2015.

Respectfully submitted,

PLAINTIFF GALE NELSON WALKER

Gale Nelson Walker, *Pro Se*

GALE N. WALKER  (MSB #101109)
**GALE WALKER LAW OFFICE, PLLC**
152 Windy Hill Cove
Raymond, Mississippi  39154
(601) 606-3296 Telephone
attorneygalewalker@gmail.com

*Plaintiff proceeding pro se*

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISIPPI
### FIRST JUDICIAL DISTRICT

GALE NELSON WALKER                                                            Plaintiff

VS.                                              CIVIL ACTION NO.: 1:15CV-0364TTG

ROBERT SHULER SMITH, Individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
HINDS COUNTY, MISSISSIPPI; and
JOHN or JANE DOES 1-10                                                      Defendants

### <u>AFFIDAVIT OF CHARLES MCDONALD</u>

**STATE OF MISSISSIPPI**
**COUNTY OF HINDS**

Personally came and appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within named Charles McDonald who, after being first duly sworn by me, deposes and states under oath as follows:

1.      My name is Charles McDonald. I am a lawful adult citizen of the State of Mississippi. I am over the age of eighteen (18) years. I am competent to make the statements contained in this Affidavit and have personal knowledge of the subject matter contained in this Affidavit.

2.      On November 10, 2015, I received a Summons, Complaint, and Amended Complaint to be served on each of the Defendants as follows:  District Attorney Robert Shuler Smith, Hinds County Board of Supervisors President Peggy Hobson-Calhoun, Hinds County Chancery Clerk Eddie Jean Carr, and Hinds County Board of Supervisors Administrator Carmen Davis.

3.      On November 10, 2015, I completed Service of Process on the following Defendants:  Hinds County Board of Supervisors President Peggy

EXHIBIT "A"

Hobson-Calhoun, Hinds County Chancery Clerk Eddie Jean Carr, and Hinds County Board of Supervisors Administrator Carmen Davis.

4.    On November 10, 2015, I attempted to serve process on Defendant Robert Shuler Smith at the address provided on the Summons which is his place of employment at the Hinds County Circuit Courthouse, 407 East Pascagoula Street, Jackson, Mississippi, 39205.

5.    At District Attorney Smith's office, I was greeted by Ms. Brenda Coleman.  Ms. Coleman informed me that District Attorney Smith was not in the office.

6.    I attempted to leave the Summons, Complaint, and Amended Complaint with Ms. Coleman who is an employee of the District Attorney's Office.  Ms. Coleman would not accept service of process.

6.    Further, Ms. Coleman stated that there was no one in the office who would accept service of process at this time.

FURTHER AFFIANT SAYS NOT.

Dated, this the ____ day of November, 2015.

_____
Process Server

SWORN TO AND SUBSCRIBED BEFORE ME, this the __12__ day of November, 2015.

**EDDIE JEAN CARR, CHANCERY CLERK**

_____
NOTARY PUBLIC

My Commission Expires:

My Commission Expires Jan. 4, 2016

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

GALE NELSON WALKER                                            Plaintiff

**vs**                                          Civil Action No.:  1:15CV-00364-TTG

ROBERT SHULER SMITH, individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
Hinds County, Mississippi; and
John or Jane Does 1-10                                        Defendants

**SUMMONS**

THE STATE OF MISSISSIPPI

TO:   Ms. Peggy Hobson-Calhoun, President
      Hinds County Board of Supervisors
      316 South President Street
      Jackson, Mississippi  39201

**NOTICE TO DEFENDANT(S)**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand deliver a copy of a written response to the Complaint
to **Gale N. Walker**, the attorney for the Plaintiff, whose street address is 152 Windy Hill Cove,
Raymond, Mississippi.  Your response must be mailed or delivered within (30) days from the
date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this court within a
reasonable time afterward.

        Issued under my hand and the seal of said Court, this _10_ day of _Nov_____,
2015.

                                        _____
                                        Clerk of Hinds County, Mississippi

                                        _____

E X H I B I T   "A"

**PROOF OF SERVICE – SUMMONS**

_Pheidro Gailey_

Name of Person or Entity Served

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

__✓__PERSONAL SERVICE.  I personally delivered copies to _Pheidee Gailee / Peggy H. Calhoun_ on the _10_ day of _November_, 2015, where I found said person(s) in Hinds County of the State of Mississippi.

_____RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, (state).  I served the summons and complaint on the _____ day of _____, 20___, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be),a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

    At the time of service I was 18 years of age and not a party to this action.

Fee for service:  $_____

Process server must list below: [Please print or type]

Name _Charles McDonald_

SSN (last 4 digits) _0372_

Address _5275 Shaw Rd_
_Jackson Miss_

Telephone # _601-375-5205_

**PEGGY HOBSON CALHOUN**
**SUPERVISOR–DISTRICT 3**

_316 South President_
_P.O. Box 686_
_Jackson, MS 39205-0686_

_Phone (601) 968-6768_
_FAX (601) 968-6774_

State of ___Miss___

County of ___Hinds___

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named ___Charles McDonald___ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing **"PROOF OF SERVICE – SUMMONS"** are true and correct as therein stated.

_____
Process Server (Signature)

    Sworn to and subscribed before me this the ___10___ day of ___November___,
2015.

**EDDIE JEAN CARR, CHANCERY CLERK**

(Seal)  My Commission Expires: My Commission Expires Jan. 4, 2___

# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

GALE NELSON WALKER                                                    **Plaintiff**

**VS**                                          Civil Action No.:  1:15CV-00364-TTG

ROBERT SHULER SMITH, individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
Hinds County, Mississippi; and
John or Jane Does 1-10                                               **Defendants**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Ms. Carmen Davis, County Administrator
      Hinds County Board of Supervisors
      316 South President Street
      Jackson, Mississippi  39201

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

       You are required to mail or hand deliver a copy of a written response to the Complaint
to **Gale N. Walker**, the attorney for the Plaintiff, whose street address is 152 Windy Hill Cove,
Raymond, Mississippi.  Your response must be mailed or delivered within (30) days from the
date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

       You must also file the original of your response with the Clerk of this court within a
reasonable time afterward.

       Issued under my hand and the seal of said Court, this _10_ day of _Nov_,
2015.

                                         _B. Dann_
                                         Clerk of Hinds County, Mississippi

                                         _____ D.C.



(Seal)

## PROOF OF SERVICE – SUMMONS

*Pheidra Gates*

Name of Person or Entity Served

     I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

___✓___PERSONAL SERVICE.  I personally delivered copies to *Pheidra Gatee / Carmen Davis*
on the __10__ day of __November__, 2015, where I found said person(s) in Hinds County of the State of Mississippi.

_____RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, (state).  I served the summons and complaint on the _____ day of _____, 20___, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

     At the time of service I was 18 years of age and not a party to this action.

Fee for service:  $_____

Process server must list below: [Please print or type]

Name _*Charles McDaniel*_

SSN (last 4 digits) _*0372*_

Address _*5275 Shaw Rd*_
_*Jackson Miss*_

Telephone # _*601-317-5205*_

**CARMEN Y. DAVIS**
County Administrator

*Chancery Court Building*
*316 South President*
*Post Office Box 686*
*Jackson, MS 39205-0686*

*Phone: (601) 968-6501*
*Fax: (601) 968-6794*
*E-mail: cdavis@co.hinds.ms.us*

State of _____
County of _____

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Charles M Onda_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing **"PROOF OF SERVICE – SUMMONS"** are true and correct as therein stated.

_____
Process Server (Signature)

    Sworn to and subscribed before me this the ___10___ day of __November__,
2015.

EDDIE JEAN CARR, CHANCERY CLERK

_____
Notary Public

My Commission Expires Jan. 4, 2016

(Seal)  My Commission Expires: _____

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

GALE NELSON WALKER                                                    **Plaintiff**

**vs**                                        Civil Action No.: 1:15CV-00364-TTG

ROBERT SHULER SMITH, individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
Hinds County, Mississippi; and
John or Jane Does 1-10                                                **Defendants**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   Ms. Eddie Jean Carr
      Hinds County Chancery Clerk
      316 South President Street
      Jackson, Mississippi  39201

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand deliver a copy of a written response to the Complaint
to **Gale N. Walker**, the attorney for the Plaintiff, whose street address is 152 Windy Hill Cove,
Raymond, Mississippi.  Your response must be mailed or delivered within (30) days from the
date of delivery of this summons and complaint or a judgment by default will be entered
against you for the money or other things demanded in the complaint.

    You must also file the original of your response with the Clerk of this court within a
reasonable time afterward.

    Issued under my hand and the seal of said Court, this _10_ day of _Nov._,
2015.

_B. Dunn_____
Clerk of Hinds County, Mississippi

**PROOF OF SERVICE – SUMMONS**

*Eddie Jean Carr*
Name of Person or Entity Served

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

___/___PERSONAL SERVICE. I personally delivered copies to *Alisa Kidd* on the *10* day of *November*, 2015, where I found said person(s) in Hinds County of the State of Mississippi.

_____RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, (state). I served the summons and complaint on the _____ day of _____, 20____, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

    At the time of service I was 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]

Name *Charles McDonald*

SSN (last 4 digits) *0372*

Address *5265 Shaw Rd*
*Jackson M.S.*

Telephone # *601-317-5205*

Eddie Jean Carr
CHANCERY CLERK

**ALISA BUTLER KIDD**
EXECUTIVE ASSISTANT

316 S. President Street
P.O. Box 686
Jackson, MS 39205-0686

601-968-6529
Fax 601-354-6961

email:akidd@co.hinds.ms.us

State of _MISS_
County of _Hinds_

     Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Charles McDonald_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing **"PROOF OF SERVICE – SUMMONS"** are true and correct as therein stated.

_Charles McDonald_
Process Server (Signature)

     Sworn to and subscribed before me this the ___10___ day of ___November___,
2015.

EDDIE JEAN CARR, CHANCERY CLERK

_Felton_
Notary Public

My Commission Expires Jan. 4, 2016

(Seal)  My Commission Expires: _____

# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

GALE NELSON WALKER                                              **Plaintiff**

**vs**                                      Civil Action No.: 1:15CV-00364-TTG

ROBERT SHULER SMITH, individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
Hinds County, Mississippi; and
John or Jane Does 1-10                                          **Defendants**

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   District Attorney Robert Shuler Smith
      Hinds County Courthouse
      407 East Pascagoula Street
      5th Floor
      Jackson, MS  39205

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to **Gale N. Walker**, the attorney for the Plaintiff, whose street address is 152 Windy Hill Cove, Raymond, Mississippi.  Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this _10_ day of _Nov._ , 2015.

_B. Dunn_
Clerk of Hinds County, Mississippi

(Seal)

EXHIBIT "B"

# PROOF OF SERVICE – SUMMONS

Name of Person or Entity Served   *Ms. Parker, Mrs. Brenda Coleman ·*
*Would Not Accept Process On his behalf*

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE.  By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

_____PERSONAL SERVICE.  I personally delivered copies to _____
on the _____ day of _____, 2015, where I found said person(s) in Hinds County of the State of Mississippi.

_____RESIDENCE SERVICE.  After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, (state).  I served the summons and complaint on the _____ day of _____, 20___, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be),a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service I was 18 years of age and not a party to this action.

Fee for service:  $_____

Process server must list below: [Please print or type]

Name_____*Charles McDonald*_____

SSN (last 4 digits) _____*0372*_____

Address _____*5275 Shaw Rd*_____
_____*Jon Miss*_____

Telephone # _____*601-317-5205*_____

State of ___M.SS___
County of ___Hinds___

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Charles McDonald_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing **"PROOF OF SERVICE — SUMMONS"** are true and correct as therein stated.

_Charles McDonald_
Process Server (Signature)

    Sworn to and subscribed before me this the ___10___ day of ___November___, 2015.

EDDIE JEAN CARR, CHANCERY CLERK

Notary Public

My Commission Expires Jan. 4, 2016

(Seal)  My Commission Expires: _____

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI

GALE NELSON WALKER                                                        PLAINTIFF

VS.                                              CIVIL ACTION NO. 251-15-364

ROBERT SHULER SMITH, Individually and in
His Official Capacity as District Attorney of
Hinds County, MS; HINDS COUNTY, MISSISSIPPI;
and JOHN or JANE DOES 1-10                                    DEFENDANTS

### ORDER OF RECUSAL AND REASSIGNMENT

The undersigned senior circuit judge hereby recuses in the herein case.

**FURTHER**, the <u>Court hereby orders the Circuit Clerk of Hinds County to utilize the computerize assignment system to randomly reassign</u> the herein case to another civil circuit judge in accordance with Rule 1.05A.

The herein case shall retain its original case number. Additionally, the general docket shall note the judge reassignment, and the case file shall indicate the change in the initials of the reassigned judge.

**SO ORDERED AND ADJUDGED** this the _18th_ day of _Nov_____ 2015.

_____
**TOMIE T. GREEN**
**SENIOR CIRCUIT COURT JUDGE**

**FILED**

NOV 19 2015

BARBARA DUNN, CIRCUIT CLERK

BY_____B.C.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

GALE NELSON WALKER                                    **PLAINTIFF**

V.                                                    **CIVIL ACTION NO. 251-15-364**

ROBERT SHULER SMITH, et al.                           **DEFENDANTS**

<u>RECUSAL ORDER</u>

The undersigned Judge hereby recuses himself from the above-styled and numbered

cause, pursuant to Canon 3(E)(1) of the Code of Judicial Conduct.

SO ORDERED this the ___19___ day of November, 2015.

_____

JEFF WEILL, SR.
CIRCUIT JUDGE

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

GALE WALKER                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO: 251-15-364

ROBERT SHULER SMITH, Individually
and in his official capacity as District
Attorney of Hinds County Mississippi and
Hinds County, Mississippi                                     DEFENDANTS

### RECUSAL ORDER

The undersigned hereby recuses himself from the above styled and numbered cause of action.

**SO ORDERED**, this the 23rd day of November, 2015.

JUDGE WILLIAM GOWAN

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

GALE WALKER                                                                    PLAINTIFF

VS.                         **F I L E D**              CAUSE NO.: 251-15-364

                             DEC 01 2015

ROBERT SHULER SMITH, Individually BARBARA DUNN, CIRCUIT CLERK
and in his official capacity as District      BY_____ D.C.
Attorney of Hinds County Mississippi and
Hinds County, Mississippi                                                     DEFENDANT

## ORDER OF RECUSAL

        The undersigned hereby recuses himself from the above styled and numbered
cause.

        SO ORDERED, this the ___30th___ day of November, 2015.

                                    _____
                                    WINSTON L. KIDD
                                    CIRCUIT JUDGE

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
### FIRST JUDICIAL DISTRICT

GALE NELSON WALKER

                                        Plaintiff

vs
                            Civil Action No.:  1:15CV-00364-TTG

ROBERT SHULER SMITH, individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
Hinds County, Mississippi; and
John or Jane Does 1-10

                                        Defendants

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   District Attorney Robert Shuler Smith
      Hinds County Courthouse
      407 East Pascagoula Street
      5th Floor
      Jackson, MS  39205

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

     You are required to mail or hand deliver a copy of a written response to the Complaint to **Gale N. Walker**, the attorney for the Plaintiff, whose street address is 152 Windy Hill Cove, Raymond, Mississippi.  Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

     You must also file the original of your response with the Clerk of this court within a reasonable time afterward.

     Issued under my hand and the seal of said Court, this _10_ day of _Nov._ , 2015.

                                  *B. Dana*
                          Clerk of Hinds County, Mississippi



(SEAL)

State of _____ *MS*

County of _____ *Hinds*

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named *Nikia Felton* who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "**PROOF OF SERVICE – SUMMONS**" are true and correct as therein stated.

_____
Process Server (Signature)

Sworn to and subscribed before me this the _____ *19th* day of _____ *Nov.* , 2015.

EDDIE JEAN CARR, CHANCERY CLERK

_____
*by: K. Howard*
Notary Public

(Seal)  My Commission Expires: _____ My Commission Expires Jan. 4, 2016

X _Robert Shuler Smith_

**Name of Person or Entity Served**

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B).

___✓__PERSONAL SERVICE. I personally delivered copies to _Louanne Jackson / Robert_ on the __19_ day of __November_____, 2015, where I found said person(s) in Hinds _Smith_ County of the State of Mississippi.

_____RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, (state). I served the summons and complaint on the _____ day of _____, 20____, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be),a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 20____, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or the return envelope marked "Refused.")

At the time of service I was 18 years of age and not a party to this action.

Fee for service:  $_____

Process server must list below: [Please print or type]

Name _Alikia Felton_

SSN (last 4 digits) _3416_

Address _6049 Whitestone Rd_
_Jackson_

Telephone # _601 899-2604_

**F I L E D**

Serial: **202844**

DEC 14 2015

IN THE SUPREME COURT OF MISSISSIPPI

BARBARA DUNN, CIRCUIT CLERK

Gale Nelson Walker

Plaintiff

v.

No. 2015-AP-01837

Robert Shuler Smith, Individually and in His
Official Capacity as District Attorney of
Hinds County, MS; Hinds County,
Mississippi; and John or Jane Does 1-10

Defendants

**FILED**

DEC 10 2015

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

No. 251-15-364; In the Circuit Court of
Hinds County, Mississippi, First Judicial
District

ORDER APPOINTING SPECIAL JUDGE

THIS MATTER is before the Court upon request by the Judges for the Circuit Court

of Hinds County, Mississippi, First Judicial District, for the appointment of a Special Judge

to preside over the proceedings in the above numbered and styled cause, which is presently

pending in the Circuit Court of Hinds County, Mississippi, this request is necessitated by the

recusal of the Judges for said Court by virtue of Orders of Recusal executed in said case on

November 17, 2015, November 19, 2015, November 23, 2015 and November 30, 2015.

Having fully considered the matter, the Court finds that the request is proper pursuant

to Miss. Code Ann. Section 9-1-105.

IT IS THEREFORE ORDERED AND ADJUDGED that *Honorable Henry L.*

*Lackey*, Senior Status Judge, be, and he is, hereby specially appointed Special Judge to

preside and conduct proceedings in the above referenced case pursuant to and by authority

of Mississippi Code Ann. Section 9-1-105; which states that the Chief Justice may, with the

advice and consent of a majority of the Justices of the Mississippi Supreme Court, appoint

a Special Judge.

    IT IS FURTHER ORDERED that the Clerk of this Court transmit copies of this order

to the Honorable Henry L. Lackey, Special Judge; the Honorable Winston L. Kidd; the

Honorable Jeff Weill, Sr.; the Honorable Tomie T. Green, and the Honorable William A.

Gowan, Jr., Judges of and for the Circuit Court of Hinds County, and, to the Clerk of the

Circuit Court of Hinds County, who is directed to file this Order and deliver copies to all

counsel of record in said case and to parties not represented by counsel.

    IT IS FURTHER ORDERED that upon the conclusion of this case in the trial court

the special judge shall promptly forward a copy of the final judgment or other order of final

disposition by mail or email to the Court Administrator, Supreme Court of Mississippi, P.O.

Box 117, Jackson, MS 39205, hsaunders@courts.ms.gov.

    SO ORDERED, this the _____ day of December, 2015.


                        WILLIAM L. WALLER, JR.,
                        CHIEF JUSTICE

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

GALE NELSON WALKER                                              Plaintiff

VS.                                          CIVIL ACTION NO.: 1:15CV-00364

ROBERT SHULER SMITH, Individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
HINDS COUNTY, MISSISSIPPI; and
JOHN or JANE DOES 1-10                                          Defendants

### APPLICATION TO CLERK FOR ENTRY OF DEFAULT AGAINST
### HINDS COUNTY, MISSISSIPPI AND SUPPORTING AFFIDAVIT

The clerk is requested to enter default against the Defendant Hinds County,

Mississippi in the above entitled action for failure to plead, answer or otherwise defend as

set out in the affidavit hereto annexed.

_Gale N. Walker_
Gale Nelson Walker, Pro Se
Plaintiff

GALE N. WALKER (MSB #101109)
**GALE WALKER LAW OFFICE, PLLC**
152 Windy Hill Cove
Raymond, Mississippi  39154
(601) 606-3296 Telephone
attorneygalewalker@gmail.com

Plaintiff proceeding pro se

## <u>AFFIDAVIT</u>

State of Mississippi
County of Hinds

     Plaintiff, Gale Nelson Walker, being duly sworn, deposed and says:

1. That she is proceeding pro se in this matter, and has personal knowledge of the facts set forth in this affidavit.

2. That on July 13, 2015 the complaint was filed in this matter.

3. That on November 10, 2015, prior to serving the complaint upon defendants, and within 120 days of the filing date, the complaint was amended.

4. That on November 10, 2015, defendant was duly served with a copy of the summons, together with a copy of Plaintiff's complaint and amended complaint.

5. That more than 30 days have elapsed since the date on which the said defendant was served with summons, complaint, and amended complaint.

6. That the defendant has failed to answer or otherwise defend as to Plaintiff's complaint, or serve a copy of any answer or other defense which they may have upon the undersigned Plaintiff who is proceeding pro se in this matter.

7. That this affidavit is executed by affiant herein in accordance with Rule 55(a) of the Mississippi Rules of Civil Procedure, for the purpose of enabling the Plaintiff to obtain an entry of default against the Defendant, for their failure to answer or otherwise defend as to the Plaintiff's complaint.

                                                _____
                                                Plaintiff, Pro Se

Sworn to and subscribed before me this the 14th day of December, 2015.

                                                _____
                                                Notary Public

My commission expires: Jan 28 2017

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

GALE NELSON WALKER                                                    **Plaintiff**

VS.                                                CIVIL ACTION NO.: 1:15CV-00364

ROBERT SHULER SMITH, Individually and in
His Official Capacity as District Attorney of Hinds County, Mississippi;
HINDS COUNTY, MISSISSIPPI; and
JOHN or JANE DOES 1-10                                               **Defendants**

### APPLICATION TO CLERK FOR ENTRY OF DEFAULT AGAINST
### ROBERT SHULER SMITH IN HIS OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF
### HINDS COUNTY, MISSISSIPPI, AND SUPPORTING AFFIDAVIT

The clerk is requested to enter default against the Defendant Robert Shuler Smith,

in his official capacity as District Attorney of Hinds County, Mississippi in the above entitled

action for failure to plead, answer or otherwise defend as set out in the affidavit hereto

annexed.

*Gale N. Walker*

Gale Nelson Walker, Pro Se
Plaintiff

GALE N. WALKER (MSB #101109)
**GALE WALKER LAW OFFICE, PLLC**
152 Windy Hill Cove
Raymond, Mississippi 39154
(601) 606-3296 Telephone
attorneygalewalker@gmail.com

Plaintiff proceeding pro se

## <u>AFFIDAVIT</u>

State of Mississippi
County of Hinds

Plaintiff, Gale Nelson Walker, being duly sworn, deposed and says:

1. That she is proceeding pro se in this matter, and has personal knowledge of the facts set forth in this affidavit.

2. That on July 13, 2015 the complaint was filed in this matter.

3. That on November 10, 2015, prior to serving the complaint upon defendants, and within 120 days of the filing date, the complaint was amended.

4. That on November 10, 2015, defendant was duly served with a copy of the summons, together with a copy of Plaintiff's complaint and amended complaint.

5. That more than 30 days have elapsed since the date on which the said defendant was served with summons, complaint, and amended complaint.

6. That the defendant has failed to answer or otherwise defend as to Plaintiff's complaint, or serve a copy of any answer or other defense which they may have upon the undersigned Plaintiff who is proceeding pro se in this matter.

7. That this affidavit is executed by affiant herein in accordance with Rule 55(a) of the Mississippi Rules of Civil Procedure, for the purpose of enabling the Plaintiff to obtain an entry of default against the Defendant, for his failure to answer or otherwise defend as to the Plaintiff's complaint.

_____
Plaintiff, Pro Se

Sworn to and subscribed before me this the 14th day of December, 2015.

_____
Notary Public

My commission expires: Jan 18, 2017

## IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI,
### FIRST JUDICIAL DISTRICT

**GALE NELSON WALKER**                                          **PLAINTIFF**

**VS.**                                          **CAUSE NO. 1:15CV-00364-TTG**

**ROBERT SHULER SMITH,**
**Individually and in His Official Capacity**
**as District Attorney of Hinds County, Mississippi;**
**HINDS COUNTY, MISSISSIPPI; and**
**JOHN or JANE DOES 1-10**                                          **DEFENDANT**

### ANSWER

COMES NOW, The Defendant, ROBERT SHULER SMITH, and in response to the Complaint of the Plaintiff, GALE NELSON WALKER, filed herein would state as follows:

### FIRST AFFIRMATIVE DEFENSE

The Defendant asserts that this Court lacks jurisdiction of the subject matter of the Plaintiff's complaint, pursuant to Miss. R. Civ. P. 12(b)(1).

### SECOND AFFIRMATIVE DEFENSE

The Defendant asserts that this Court lacks jurisdiction over the Defendant, Robert Shuler Smith, pursuant to Miss. R. Civ. P. 12(b)(2).

### THIRD AFFIRMATIVE DEFENSE

The Defendant asserts that this Court is not the proper venue for the action filed in this Cause by the Plaintiff, Gale Nelson Walker to Miss. R. Civ. P. 12(b)(3).

### FOURTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiff's process is in insufficient, pursuant Miss. R. Civ. P. 12(b)(4).

### FIFTH AFFIRMATIVE DEFENSE

The Defendant asserts that Plaintiff's service of process was insufficient, pursuant to Miss. R. Civ. P. 12(b)(5).

### SIXTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiff's complaint failed to state a claim upon which relief can be granted, pursuant to Miss. R. Civ. P. 12(b)(6).

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant asserts that the Plaintiff's complaint failed to join a party, without whom the action cannot proceed, as required by Miss. R. Civ. P. 19, pursuant to Miss. R. Civ. P. 12(b)(7).

### EIGHTH AFFIRMATIVE DEFENSE

Now without waiving any defenses heretofore or hereinafter set forth, answering Defendant, Robert Shuler Smith, would respond to the allegations of the Complaint paragraph by paragraph as follows:

### I. PARTIES

1. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 1, and therefore summarily denies the same.

2. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 2, and therefore summarily denies the same.

3. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 3, and therefore summarily denies the same.

4. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 4, and therefore summarily denies the same.

5. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 5, and therefore summarily denies the same.

6. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 6, and therefore summarily denies the same.

7. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 7, and therefore summarily denies the same.

8. The Defendant denies the allegations contained in paragraph number 8.

9. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 9, and therefore summarily denies the same.

## II. JURISDICTION AND VENUE

10.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 10, and therefore summarily denies the same.

11.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 11, and therefore summarily denies the same.

12.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 12, and therefore summarily denies the same.

13.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 13, and therefore summarily denies the same.

14.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 14, and therefore summarily denies the same.

15.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 15, and therefore summarily denies the same.

## III. PROCEDURAL PREREQUISITES

16.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 16, and therefore summarily denies the same.

17.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 17, and therefore summarily denies the same.

18.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 18, and therefore summarily denies the same.

## IV. STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

19.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 19, and therefore summarily denies the same.

20.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 20, and therefore summarily denies the same.

21.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 21, and therefore summarily denies the same.

22.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 22, and therefore summarily denies the same.

23.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 23, and therefore summarily denies the same.

24.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 24, and therefore summarily denies the same.

25.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 25, and therefore summarily denies the same.

26.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 26, and therefore summarily denies the same.

27.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 27, and therefore summarily denies the same.

28.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 28, and therefore summarily denies the same.

29.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 29, and therefore summarily denies the same.

30.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 30, and therefore summarily denies the same.

31.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 31, and therefore summarily denies the same.

32.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 32, and therefore summarily denies the same.

33.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 33, and therefore summarily denies the same.

34.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 34, and therefore summarily denies the same.

35.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 35, and therefore summarily denies the same.

36.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 36, and therefore summarily denies the same.

37.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 37, and therefore summarily denies the same.

38. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 38, and therefore summarily denies the same.

39. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 39, and therefore summarily denies the same.

40. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 40, and therefore summarily denies the same.

41. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 41, and therefore summarily denies the same.

42. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 42, and therefore summarily denies the same.

43. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 43, and therefore summarily denies the same.

44. The Defendant denies the allegations contained in paragraph number 44.

45. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 45, and therefore summarily denies the same.

46. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 46, and therefore summarily denies the same.

47. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 47, and therefore summarily denies the same.

48. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 48, and therefore summarily denies the same.

49. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 49, and therefore summarily denies the same.

50. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 50, and therefore summarily denies the same.

51. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 51, and therefore summarily denies the same.

52. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 52, and therefore summarily denies the same.

53. The Defendant is without sufficient knowledge to form a belief as to the truth of the

allegations contained in paragraph number 53, and therefore summarily denies the same.

54. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 54, and therefore summarily denies the same.

55. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 55, and therefore summarily denies the same.

56. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 56, and therefore summarily denies the same.

57. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 57, and therefore summarily denies the same.

58. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 58, and therefore summarily denies the same.

59. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 59, and therefore summarily denies the same.

60. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 60, and therefore summarily denies the same.

61. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 61, and therefore summarily denies the same.

62. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 62, and therefore summarily denies the same.

63. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 63, and therefore summarily denies the same.

64. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 64, and therefore summarily denies the same.

65. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 65, and therefore summarily denies the same.

66. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 66, and therefore summarily denies the same.

67. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 67, and therefore summarily denies the same.

68. The Defendant is without sufficient knowledge to form a belief as to the truth of the

allegations contained in paragraph number 68, and therefore summarily denies the same.

69.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 69, and therefore summarily denies the same.

70.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 70, and therefore summarily denies the same.

71.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 71, and therefore summarily denies the same.

72.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 72, and therefore summarily denies the same.

73.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 73. and therefore summarily denies the same.

74.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 74, and therefore summarily denies the same.

75.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 75, and therefore summarily denies the same.

76.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 76, and therefore summarily denies the same.

77.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 77, and therefore summarily denies the same.

78.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 78, and therefore summarily denies the same.

79.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 79, and therefore summarily denies the same.

80.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 80, and therefore summarily denies the same.

81.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 81, and therefore summarily denies the same.

82.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 82, and therefore summarily denies the same.

83.  The Defendant is without sufficient knowledge to form a belief as to the truth of the

allegations contained in paragraph number 83, and therefore summarily denies the same.

84. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 84, and therefore summarily denies the same.

85. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 85, and therefore summarily denies the same.

86. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 86, and therefore summarily denies the same.

87. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 87, and therefore summarily denies the same.

88. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 88, and therefore summarily denies the same.

89. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 89, and therefore summarily denies the same.

90. The Defendant denies the allegations contained in paragraph number 90.

91. The Defendant denies the allegations contained in paragraph number 91.

92. The Defendant denies the allegations contained in paragraph number 92.

93. The Defendant denies the allegations contained in paragraph number 93.

94. The Defendant denies the allegations contained in paragraph number 94.

## V. CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF TITLE VII (Racial Discrimination)

95. The Defendant denies the allegations contained in paragraph number 95.

96. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 96, and therefore summarily denies the same.

### COUNT II - VIOLATION OF TITLE VII (Gender Discrimination)

97. The Defendant denies the allegations contained in paragraph number 97.

98. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 98, and therefore summarily denies the same.

## COUNT III - DISCHARGE IN VIOLATION OF PUBLIC POLICY

99.  The Defendant denies the allegations contained in paragraph number 99.

100.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 100, and therefore summarily denies the same.

101.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 101, and therefore summarily denies the same.

102.  The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 102 and therefore summarily denies the same.

103. The Defendant denies the allegations contained in paragraph number 103.

## COUNT IV - VIOLATION OF COMPUTER FRAUD ABUSE ACT (CFAA)

104.  The Defendant denies the allegations contained in paragraph number 104.

105.  The Defendant denies the allegations contained in paragraph number 105.

106.  The Defendant denies the allegations contained in paragraph number 106.

107. The Defendant denies the allegations contained in paragraph number 107

## COUNT V - CIVIL CONSPIRACY

108. The Defendant denies the allegations contained in paragraph number 108.

109. The Defendant denies the allegations contained in paragraph number 109.

110. The Defendant denies the allegations contained in paragraph number 110.

## COUNT VI DISCHARGE IN VIOLATION OF PUBLIC POLICY

111. The Defendant denies the allegations contained in paragraph number 111.

112. The Defendant denies the allegations contained in paragraph number 112.

113. The Defendant denies the allegations contained in paragraph number 113.

114. The Defendant denies the allegations contained in paragraph number 114.

## COUNT VII CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983

115. The Defendant denies the allegations contained in paragraph number 115.

116. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 116, and therefore summarily denies the same.

117. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 117, and therefore summarily denies the same.

118. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 118, and therefore summarily denies the same.

119. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 119, and therefore summarily denies the same.

120. The Defendant denies the allegations contained in paragraph number 120.

121. The Defendant denies the allegations contained in paragraph number 121.

## COUNT VIII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

122. The Defendant denies the allegations contained in paragraph number 122.

123. The Defendant denies the allegations contained in paragraph number 123.

124. The Defendant denies the allegations contained in paragraph number 124.

125  The Defendant denies the allegations contained in paragraph number 125.

## COUNT IX - INVASION OF PRIVACY

126. The Defendant denies the allegations contained in paragraph number 126.

127. The Defendant denies the allegations contained in paragraph number 127.

128. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph number 128, and therefore summarily denies the same.

129. The Defendant denies the allegations contained in paragraph number 129.

## COUNT X - DAMAGES AND REMEDIES

130. The Defendant denies the allegations contained in paragraph number 130.

131. The Defendant denies the allegations contained in paragraph number 131.

132. The Defendant denies the allegations contained in paragraph number 132.

132. A. The Defendant denies the allegations contained in paragraph number 132. A.

132. B. The Defendant denies the allegations contained in paragraph number 132. B.

132. C. The Defendant denies the allegations contained in paragraph number 132. C.

132. D. The Defendant denies the allegations contained in paragraph number 132. D.

133. The Defendant denies the allegations contained in paragraph number 133.

134. The Defendant denies the allegations contained in paragraph number 134.

The Defendant denies all of the allegations contained in the unnumbered paragraph beginning "WHEREFORE" of the Plaintiff's Complaint, INCLUDING SUBPARAGRAPHS A, B, C, D and E.

## NINTH AFFIRMATIVE DEFENSE

The Defendant reserves the right to further answer the Complaint filed by the Plaintiff by way of additional affirmative defenses should the same become applicable or made known during discovery of this case.

And now having answered the Complaint against him, the Defendant, ROBERT SHULER SMITH, demands that the same be dismissed, that he be discharged and that the Plaintiff, GALE NELSON WALKER be charged for the costs of such suit as well as the Defendant's reasonable attorney's fees incurred by defending the same.

Respectfully submitted,

ROBERT SHULER SMITH, ESQ.

BY: _____
ROBERT SHULER SMITH, (MSB 10355)

ROBERT SHULER SMITH
HINDS COUNTY DISTRICT ATTORNEY
POST OFFICE BOX 22747
JACKSON, MS 39225-2747
(601) 968-6568

## CERTIFICATE OF SERVICE

I, Robert Shuiler Smith, the Defendant, do hereby certify that I have this date delivered a true and correct copy of the above and forgoing ANSWER, in a manner proscribed by law, to:

Gale N. Walker, Esquire
Gale Walker Law Office, PLLC
attorneygailwalker@gmail.com
152 Windy Hill Cove
Raymond, MS 39154

This the 16th day of December, 2015.

ROBERT SHULER SMITH, ESQ.