IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| GALE NELSON WALKER | PLAINTIFF |
| VS. | CAUSE NO. 3:15-cv-911-DPJ-FKB |
| ROBERT SHULER SMITH, individually and in his official capacity as District Attorney of Hinds County, Mississippi; and Hinds County, Mississippi; and John or Jane Does 1-10 | DEFENDANTS |

## HINDS COUNTY, MISSISSIPPI'S
## MEMORANDUM OF AUTHORITIES IN SUPPORT
## OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Comes now Hinds County, Mississippi, by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and submits its Memorandum of Authorities in Support of Motion to Dismiss. In support of the same, the moving defendant would show unto the Court as follows:

### INTRODUCTION

This suit arises out of Plaintiff's former employment with the Hinds County District Attorney's Office and her subsequent termination therefrom. *Am. Compl.*, *CM/ECF Doc. No. 1-1*. Plaintiff asserts claims against Defendants District Attorney Smith and Hinds County, Mississippi for racial and gender discrimination under Title VII, retaliation under Title VII, violations of the Computer Fraud and Abuse Act, civil conspiracy, First and Fourteenth Amendment claims under 42 U.S.C. §1983, discharge in violation of public policy, intentional infliction of emotional distress, and invasion of privacy. *Id.*

# FACTUAL BACKGROUND

According to Plaintiff, she began her career as an ADA in the Twenty-First Judicial District – Holmes, Humphreys, and Yazoo Counties – and was recruited by Defendant Smith to work for him as an ADA in Hinds County. *Am. Compl.*, ¶ 19. Plaintiff's Amended Complaint asserts that she had a stellar record as an ADA with the Hinds County District Attorney's Office; however, during her tenure there she admittedly utilized the District Attorney's letterhead for personal reasons. *Id.* at ¶ 26-28. In particular, Plaintiff's Amended Complaint concedes that she wrote to a self-storage facility regarding past due fees which she owed, wherein she misrepresented to the storage facility that it was the State of Mississippi who owed the money – not Plaintiff – and that she was awaiting approval from the State to render payment. *Id.* Plaintiff admitted to composing this letter on letterhead belonging to the Office of the District Attorney. *Id.* Plaintiff also admits that she had a criminal history of writing bad checks. *Id.* at ¶ 54-60.

Nevertheless, according to Plaintiff, District Attorney Smith routinely gave her verbal affirmation for her efforts as an ADA. Trouble purportedly began for her when she complained about fellow employees smoking in the Hinds County Courthouse. *Id.* at 7. The State Fire Marshall investigated the allegations and, per the Plaintiff "issued a warning regarding the smoking…." *Id.* at 8.

Plaintiff alleges that after she complained about the smoking she was subject to vandalism of her name tag at her designated parking space, an anonymous phone call,

and an anonymous letter about her writing "bad checks." *Id.* at 9-10. In addition, Plaintiff contends that after having reported the smoking violations, a Hinds County District Attorney's Office Investigator handed her a letter of termination effective January 9, 2014. *Id.* at 14-15. Afterwards, Plaintiff allegedly learned that Defendant Smith disclosed to her cohorts that she was terminated for writing bad checks and for having written the letter regarding her personal arrearages on office letterhead. *Id.* at ¶ 78.

**STANDARD OF REVIEW**

Rule 12(c) of the Federal Rules of Civil Procedure governs this Motion inasmuch as a responsive pleading has already been filed. *CM/ECF Doc. No. 5*; s*ee e.g., Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir.1999); *Robertson v. Mullins*, 2:12CV57-MPM-DAS, 2013 WL 1319759, at *1 (N.D. Miss. Mar. 26, 2013)(same). The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). *In re Great Lakes Dredge & Dock Co.,* 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendants' Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007)). The complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). As outlined below, the Plaintiff's state law claims are due to be dismissed.

## ARGUMENT

As explained in detail herein below, Plaintiff's Amended Complaint fails to state a claim against Hinds County and is due to be dismissed.

**I. FEDERAL CLAIMS**

    **A. Title VII Race, Sex & Retaliation**

First, Plaintiff asserts that she was discriminated against by Hinds County based on her race and sex. In addition, she contends that she was retaliated against for engaging in a protected activity under Title VII. *Am. Compl.*, p. 20-21. "Title VII prohibits an **employer** from discriminating' against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. " *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 593 (emphasis added).

Plaintiff's employer in this case was **not** Hinds County. Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person...." 42 U.S.C. § 2000e(b). Included in this definition are "governments, governmental agencies, [and] political subdivisions."

4

42 U.S.C. § 2000e(a). The term "employee" is subsequently defined as "an individual employed by an employer...." 42 U.S.C. § 2000e(f). This definition contains an important exception: the term "employee" "**shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof**, **or any person chosen by such officer to be on such officer's personal staff,** or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption ... shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision. *Id.* (emphasis added); *see also Paxton v. Bearden*, 783 F. Supp. 1011, 1015 (N.D. Miss. 1992).

The Hinds County District Attorney, Robert S. Smith, is an elected State official. *See Brooks v. George County, Mississippi*, 84 F.3d 157, 168 (5th Cir. 1996). Furthermore, it is well-settled that a "district attorney's office in the State of Mississippi is considered an arm of the State." *Burnett v. Hinds Cty., Miss. ex rel. Bd. of Sup'rs*, 2015 WL 5785562, at *2 (S.D. Miss. Sept. 11, 2015). District Attorney Smith was elected by the voters of Hinds County and, by statute, chooses his staff members such as Plaintiff. Furthermore, District Attorney Smith is authorized to remove staff members such as the Plaintiff, not Hinds County. See, Miss. Code Ann. § 25-31-6 (staff members may be removed by D.A.); Miss. Code Ann. § 25-31-8 (district attorney, not the board of supervisors, "shall be authorized to assign the duties of any employees). Because Mr. Smith is not a County official nor is the Hinds County District Attorney's office a county office, Hinds

5

County is not Plaintiff's "employer" insofar as Title VII is concerned. Plaintiff's Title VII claims for race and gender discrimination, as well as retaliation, must be dismissed because Hinds County never employed Plaintiff.

**B.    Civil Conspiracy**

Although she fails to cite to a specific statute, Plaintiff's Amended Complaint asserts that Smith and "[t]he defendants" acted "in concert and engaged in a conspiracy designed to harass, threaten and intimidate the Plaintiff." Regardless of whether Plaintiff is asserting a conspiracy under Section 1983 or Section 1985, she has failed to assert factual allegations sufficient to state a claim that is plausible on its face against Hinds County and, as such, this claim must be dismissed.

**C.    1983—First Amendment & Due Process**

Plaintiff also asserts constitutional claims under Section 1983 for alleged violations of her First and Fourteenth Amendment rights. A local government, like Hinds County, can be held liable under Section 1983 for violating a citizen's constitutional rights only if "the governmental body itself 'subjects' [that] person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Governmental entities are "responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for [their] employees' actions." *Id*. Thus, there is no *respondeat superior* liability under Section 1983; rather, the key to municipal liability is demonstrating that the deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the

municipality in question. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). Simply put, the unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Here, to establish liability against Hinds County, the Plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist*, 349 F.3d 244, 247-249 (5th Cir. 2003). A "policy or custom" can be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *McGregory v. City of Jackson*, 335 Fed. Appx. 446, 448-449 (5th Cir. 2009).

The Plaintiff must also demonstrate a link between the policy and the constitutional violation, and the policy must be maintained with "objective deliberate indifference" to a constitutionally protected right. *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002). A municipality acts with objective deliberate indifference if it promulgates a policy or custom despite the "known or obvious consequences that constitutional violations would result." *Piotrowski*, 237 F.3d at 567. Deliberate

7

indifference of this sort is a stringent test, and "a showing of simple or even heightened negligence will not suffice" to prove municipal culpability. *Id*. at 579.

Plaintiff asserts that District Attorney Smith violated her First Amendment rights when he terminated her employment purportedly for complaining about a "breach of the security of the check unit computer." *Am. Compl.*, p. 21. Regardless of whether Plaintiff has pled a claim for a First Amendment violation, such a claim cannot be made against Hinds County as these are not even allegations that any Hinds County policy was the moving force behind the incidents about which Plaintiff complains. Again, District Attorney Smith is a State employee NOT a County employee. Because the district attorney and the district attorney's office are "considered an arm of the State of Mississippi," Hinds County can have no liability for Smith's alleged conduct. *High v. Pearl River County Dist.* Attorney, 2012 WL 5450065, at *2 (S.D. Miss. November 7, 2012).

> **D.** **Computer Fraud and Abuse Act (the "CFAA") Title 18 U.S.C. § 1030(a)(5)(A).**

Plaintiff also asserts that District Attorney Smith allowed the retrieval and misappropriation of Plaintiff's personal confidential data in violation of the CFAA. *Am. Compl.*, p. 21. District Attorney Smith is not a County official and Hinds County cannot be held responsible for his alleged conduct. *Brooks v. George County, Mississippi*, 84 F.3d 157, 168 (5th Cir. 1996).

## II. STATE CLAIMS

### A. <u>Mississippi Tort Claims Act.</u>

Claims for monetary damages against a political subdivision in Mississippi arising out alleged tortious conduct, are governed exclusively by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* *City of Tupelo v. Martin*, 747 So. 2d 822, 826 (Miss. 1999). Under the MTCA, sovereign immunity is waived for the State of Mississippi and its political subdivisions; however, this waiver is subject to numerous limitations, restrictions and exceptions.

#### 1. <u>Wrongful Discharge in Violation of Public Policy</u>.

Plaintiff asserts a claim for wrongful discharge in violation of public policy. Mississippi is an employment-at-will state to the extent that it follows the common-law rule that one may be terminated at the will of the employer, thus meaning that "either the employer or the employee may have a good reason, a wrong reason, or no reason for terminating the employment contract." *DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 354 (Miss. 2008)(citing *Kelly v. Miss. Valley Gas Co.*, 397 So.2d 874, 875 (Miss. 1981)). The two exceptions to employment-at-will rule are as follows: (1) an employee who refuses to participate in an illegal act shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer. *DeCarlo*, 989 So. 2d at 355.

Again, Hinds County was not Plaintiff's employer, nor does it employ Defendant Smith, and, as such, it cannot be held liable for Defendant Smith's discharge of Plaintiff. Further, the MTCA has not waived sovereign immunity for conduct arising out of the illegal acts of governmental entities' employees. See Miss. Code Ann. § 11-46-5(2).

### 2. <u>Intentional Infliction of Emotional Distress.</u>

Plaintiff claims that she suffered an intentional infliction of emotional distress as a result of Smith's conduct. More specifically, Plaintiff asserts his conduct was such to "evoke outrage and revulsion…[and was] malicious, willful, wanton, grossly careless, indifferent and/or reckless." *Am. Compl.*, p. 24.

The Mississippi Supreme Court has held that torts which require proof of malice as an essential element are excluded from the MTCA. See *Weible v. USM*, 89 So.3d 51, 64 (Miss Ct. App. 2011)( *Zumwalt v. Jones County Bd. of Supervisors*, 19 So. 3d 672, 688-89 (Miss. 2009)). Furthermore, even claims for which malice is not a necessary element of proof "fall outside the MTCA if the plaintiff alleges that the defendant(s) acted with malice." *Delaney v. Miss. Dept. of Public Safety*, 2013 U.S. Dist. LEXIS 9600 (S.D. Miss. 2013). Here, Plaintiff asserts malice and, as such, her claim is wholly barred by the MTCA.

In addition to the above, Hinds County can have no liability for Smith's conduct as he is not an employee of Hinds County but, rather, is a State employee.

10

### 3. Invasion of Privacy.

In Mississippi, the tort of invasion of privacy is comprised of four distinct and separate sub-torts: (1) the intentional intrusion upon the solitude or seclusion of another; (2) the appropriation of another's identity for an unpermitted use; (3) the public disclosure of private facts; and (4) holding another to the public eye in a false light. *Plaxico v. Michael*, 735 So. 2d 1036, 1039 (Miss. 1999).

Here, the Plaintiff fails to provide allegations explaining her invasion of privacy claim; however, any of the above sub-torts would necessarily involve conduct outside the course and scope of an employee's employment. Thus, even were Smith a Hinds County employee, the County can have no liability for an invasion of privacy claim as it has not waived sovereign immunity for the same. See Miss. Code Ann. § 11-46-5(2).

In addition, because Smith is not an employee of the County but, rather is a State employee, Hinds County can have no liability for this claim.

### CONCLUSION

For all of the reasons stated and authorities cited hereinabove, as well as in Hinds County's Motion to Dismiss, the Plaintiff's claims against the County are due to be dismissed.

**Date: June 8, 2016.**

    Respectfully submitted,

    **HINDS COUNTY, MISSISSIPPI**

    By:   */s/William R. Allen*
          One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

Pieter Teeuwissen, Esq.
Pieter Teeuwissen, PLLC
550 High Street
P.O. Box 16787
Jackson, MS 39236
Tel: 601-359-3680
Fax: 601-359-2003
adwoodard@bellsouth.net

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Hinds County, Mississippi's Memorandum in Support of Motion to Dismiss with the Clerk of the Court which gave notice of the same to:

>Gale N. Walker, Esq.
>GALE WALKER LAW OFFICE, PLLC
>152 Windy Hill Cove
>Raymond, MS 39154
>attorneygalewalker@gmail.com
>
>Peter W. Cleveland, Esq.
>Office of the Attorney General
>P.O. Box 220
>Jackson, MS 39205-0220
>pclev@ago.state.ms.us

The 8th day of June, 2016.

>/s/*William R. Allen*
>OF COUNSEL