# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**GALE NELSON WALKER**                                                          **PLAINTIFF**

VS.                                                      **CAUSE NO. 3:15-cv-911-DPJ-FKB**

**ROBERT SHULER SMITH, individually
and in his official capacity as District
Attorney of Hinds County, Mississippi; and
Hinds County, Mississippi; and
John or Jane Does 1-10**                                       **DEFENDANTS**

## HINDS COUNTY, MISSISSIPPI'S REPLY TO PLAINTIFF'S
## RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS

Comes now, Hinds County, Mississippi, by and through counsel, and replies to Plaintiff's Response in Opposition to the County's Motion to Dismiss, as follows:

## INTRODUCTION

Plaintiff was employed by District Attorney Robert Schuler Smith and subsequently terminated by Defendant Smith. In the instant suit, Plaintiff asserts claims against Defendants District Attorney Smith and Hinds County, Mississippi for racial and gender discrimination under Title VII, retaliation under Title VII, violations of the Computer Fraud and Abuse Act, civil conspiracy, First and Fourteenth Amendment claims under 42 U.S.C. §1983, discharge in violation of public policy, intentional infliction of emotional distress, and invasion of privacy. *CM/ECF Doc. No. 1-1.*

Defendant Hinds County filed a Motion to Dismiss based on the premise that, as a matter of law in Mississippi, the District Attorney is a state actor who hires and fires employees at his own will and pleasure and is not a policymaker of the County, and as

such, the County cannot be liable for his conduct, nor is the County Plaintiff's employer. Plaintiff fails to cite any persuasive authority in opposition, and as such the County is entitled to dismissal of the claims asserted against it.

**ARGUMENT**

In her Memorandum of Authorities, Plaintiff misstates that the County has asked for dismissal based on the personal staff exception under Title VII. To the contrary, the County has moved for dismissal because as a matter of law, the District Attorney is a state, not County, elected official, and as such, Plaintiff is not a County employee. Furthermore, Plaintiff, in asserting a claim under the Computer Fraud Accountability Act (CFAA) fails to state a claim against the County upon which relief may be granted. Finally, Plaintiff fails to allege that a County employee was involved in any of the state law torts which Plaintiff has asserted, nor can the County be held liable under the Mississippi Tort Claims Act (MTCA) for any allegations made by Plaintiff which are premised on malicious acts.

**I.  TITLE VII: PLAINTIFF IS NOT EMPLOYED BY HINDS COUNTY**

The County does not dispute that "Congress amended Title VII specifically to bring 'governmental agencies, [and] political subdivisions' under the Act's requirements…." *Teneyuca v. Bexar Cty.*, 767 F.2d 148, 150 (5th Cir. 1985).[1] Defendant is

---

[1] Notably *Teneyuca* was a Texas case, looking to Texas law, where the district attorney is considered a County official. See *Esteves v. Brock,* 106 F.3d 674, 678 (5th Cir. 1997)(holding those duties that are administrative or managerial in nature, the county may be held liable for the actions of a district attorney who functions as a final policymaker for the county.).

not, as alleged by Plaintiff in her Response, arguing that Plaintiff fits under the personal staff exemption of 42 U.S.C. § 2000e(f). Thus, the factors espoused in *Teneyuca v. Bexar County* are inapplicable here. Further, any purportedly genuine issues of material facts which are asserted by Plaintiff regarding whether Plaintiff fits into this exception are irrelevant to the Court's inquiry in the instant case.

To the contrary, the County has argued that, as a matter of law, Plaintiff was an employee of a State elected official, not an elected County official. The Fifth Circuit has held that

> [I]n Mississippi, the district attorney's office is primarily state-funded. Mississippi law extends the scope of the district attorney's authority to statewide concerns: the district attorney has the power to represent the state in all judicial proceedings, even after a change in venue. [Plaintiff] has cited no provision of Mississippi law and adduced no evidence that a district attorney is a local official. We therefore conclude that the Mississippi District Attorney is a state official.

*Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991).

Because the Plaintiff was employed by a state official, Hinds County cannot, as a matter of law, be considered Plaintiff's employer under Title VII.

## II.     SECTION 1983 CLAIMS

A local government can be held liable under Section 1983 for violating a citizen's constitutional rights only if "the governmental body itself 'subjects' [that] person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Governmental entities are "responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for [their] employees' actions." *Id*. Thus, there is no *respondeat superior* liability under Section 1983;

3

rather, the key to municipal liability is demonstrating that the deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. *Id.* Simply put, the unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Here, to establish liability against Hinds County, Plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Independent School Dist.*, 349 F.3d at 244, 247 (5th Cir. 2003). The Plaintiff must also demonstrate a link between the policy and the constitutional violation, and the policy must be maintained with "objective deliberate indifference" to a constitutionally protected right. *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002). A municipality acts with objective deliberate indifference if it promulgates a policy or custom despite the "known or obvious consequences that constitutional violations would result." *Piotrowski*, 237 F.3d at 567. Deliberate indifference of this sort is a stringent test, and "a showing of simple or even heightened negligence will not suffice" to prove municipal culpability. *Id*. at 579.

As previously stated, "the district attorney is considered a state official in Mississippi, as the office is primarily state-funded, and the district attorney has the power to represent the state in all judicial proceedings." *Brooks v. George Cty.*, Miss., 84 F.3d 157, 168 (5th Cir. 1996)(citing *Chrissy F. by Medley v. Mississippi Dep't of Public*

*Welfare*, 925 F.2d 844, 849 (5th Cir.1991)). As such, district attorneys, as a matter of law in Mississippi, cannot be considered policymakers for the Counties in which they serve.

Furthermore, Plaintiff's Amended Complaint fails to allege that a County policy was the moving force behind the alleged constitutional deprivation and fails to identify a final policymaker of the County. For the first time, Plaintiff argues in her Response in Opposition that the Board of Supervisors consists of final policymakers for the County. Her Amended Complaint, however, fails to allege that any policy of the Board of Supervisors was the moving force behind any purported constitutional deprivations. Given that the movant has filed a Rule 12(c) Motion, the Court's inquiry is confined to the allegations as pleaded in Plaintiff's Amended Complaint, not those alleged for the first time in Plaintiff's Response.[2] *Hearn v. Deutsche Bank Nat. Trust Co.*, 2014 WL 4055473, at *4 (N.D. Tex. Aug. 15, 2014)("When considering a motion to dismiss, the Court generally only relies on the allegations made in the pleadings, and does not base its decision on allegations raised for the first time in the motion to dismiss or the plaintiff's response.").

---

[2] Moreover, this Court is not bound to accept Plaintiff's allegation that the County's Board of Supervisors are policymakers who have control over the Office of the District Attorney, given that, as a matter of law, the County has shown otherwise. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009)(holding that for the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

In fact, Plaintiff's Amended Complaint wholly alleges that Smith, who is not a final policymaker for the County, unlawfully retaliated against her in violation of her First and Fourteenth Amendment right to comment on matters of public concern by terminating her. Given that Defendant Smith is not a final policymaker of Hinds County, and given that Plaintiff's Amended Complaint wholly fails to allege any involvement by any County policymaker, these claims are due to be dismissed.

### III.  FAILURE TO STATE A CLAIM: CFAA

The Computer Fraud and Abuse Act (CFAA), 18 U.S.C.A. § 1030(g) provides for a civil action against any violator whose conduct causes any of the following:

> (I) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
> (II) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
> (III) physical injury to any person;
> (IV) a threat to public health or safety;
> (V) damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security; or

18 U.S.C.A. § 1030(c)(4)(C)(i)(I)-(V). In support of her CFAA claim, Plaintiff alleges that there was "a security breach of the check system by a person facing felony charges…" which resulted in this person obtaining her bad check history. *CM/ECF Doc. No. 1-1, Am. Compl.* ¶ 64.  As such, she has failed to allege in her Amended Complaint that an employee or agent of the County caused the breach of her check history, thereby resulting in her alleged economic damages.

6

Even if, as Plaintiff has asserted in her Response in Opposition, she could show that Hinds County controlled the bad check unit of the district attorney's office, the plain language of Section 1030(g) of the CFAA provides for a private cause of action against the violator whose conduct caused the breach. It does not provide for a claim against the entity which was subject to a breach. This claim is due to be dismissed as to Hinds County.

## IV. STATE LAW CLAIMS

### A. Civil Conspiracy[3]

Pursuant to Mississippi law, "[a] conspiracy is a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 786 (Miss. 2004)(citing *Levens v. Campbell*, 733 So.2d 753, 761 (Miss. 1999)). Pursuant to Miss. Code Ann. §11-46-5(2), a governmental entity cannot be held liable for an unlawful act. Section 11-45-5(2) provides that "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations." Miss. Code. Ann. § 11-46-5(2).

---

[3] To the extent that Plaintiff also asserts a federal claim of conspiracy under 42 U.S.C. §1983, Plaintiff's claim is subject to dismissal as outlined hereinabove in Section II for failing to identify in her Amended Complaint a final policymaker of the County.

Even if Plaintiff could show that Smith is an employee of the County, Section 11-46-5(2) requires dismissal of this claim against the County, as unlawful conduct is a necessary element of this claim for which a governmental entity cannot be held liable.

### B. Wrongful Discharge

Likewise, a necessary element of Plaintiff's wrongful discharge claim is an "illegal act" of her employer, either termination for refusal to participate in an illegal act or for the reporting of the same. See *Buchanan v. Ameristar Casino Vicksburg, Inc.*, 852 So. 2d 25, 28 (Miss. 2003). Plaintiff alleges that she reported Defendant Smith and his employees for smoking inside the office and that she was discharged based on the same. Again, as a matter of law, Smith is not a County employee. Furthermore, this claim is based on a purportedly illegal act on the part of Smith, for which the County cannot be held liable under Miss. Code Ann. § 11-46-5(2).

### C. Intentional Infliction of Emotional Distress.

In her Response in Opposition, Plaintiff misleads the Court by stating that she has not alleged that Defendant Smith acted with "malice," and as such, his conduct does not fall outside the auspices of the MTCA. See Miss. Code Ann. § 11-46-5(2). In support of her claim for intentional infliction of emotional distress, Plaintiff's Amended Complaint reads, "Defendant Smith's behavior has been **malicious**, **willful**, **wanton**, grossly careless, indifferent and/or reckless." *Am. Compl.* ¶ 125 (emphasis added). Even claims for which malice is not a necessary element of proof "fall outside the MTCA if the plaintiff alleges that the defendant(s) acted with malice." *Delaney v. Miss. Dept. of Public Safety*, 2013 U.S. Dist. LEXIS 9600 (S.D. Miss. 2013). Plaintiff has, in fact, alleged

8

malicious conduct on the part of Smith. As such, even if the Court were to accept that Smith is a County official, the County cannot be held liable for the malicious conduct of an employee, as Section 11-46-5(2) of the MTCA precludes the same.

### D. Invasion of Privacy

Plaintiff has alleged that her privacy was violated when a third party gained access to her bad check history. More specifically, Plaintiff alleges there was "a security breach of the check system by a person facing felony charges..." which resulted in this person obtaining her bad check history. *CM/ECF Doc. No. 1-1, Am. Compl*. ¶ 64. In so doing, Plaintiff's Amended Complaint fails to sufficiently plead facts which support the allegation that a County employee accessed Plaintiff's check history. As such, Plaintiff's claim is due to be dismissed against the County.

To the extent Plaintiff is alleging that Defendant Smith is an employee of the County, as previously stated, the County has shown that Smith, as a matter of law, is a state official. Even if the Court were to accept that Smith was a County official, Plaintiff has alleged that Defendants in "ratifying" the intrusion into Plaintiff's privacy, acted "intentionally" and "maliciously." *CM/ECF Doc. No. 1-1, Am. Compl*. ¶¶ 127-129. As previously stated, even claims for which malice is not a necessary element of proof "fall outside the MTCA if the plaintiff alleges that the defendant(s) acted with malice." *Delaney v. Miss. Dept. of Public Safety*, 2013 U.S. Dist. LEXIS 9600 (S.D. Miss. 2013). Here, given that Plaintiff alleged that the defendants acted maliciously in willfully intruding upon her privacy, the County cannot be held liable, as Section 11-46-5(2) of the MTCA bars Plaintiff's claim.

## CONCLUSION

For all of the reasons and authorities cited hereinabove, as well as those urged in the movant's Motion to Dismiss Plaintiff's Amended Complaint and supporting Memorandum, the claims against Hinds County are due to be dismissed.

**DATE:** November 14, 2016.

Respectfully submitted,

**HINDS COUNTY, MISSISSIPPI**

By: /s/*William R. Allen*
One of Its Attorneys

# **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court which gave notice of the same to:

>Gale N. Walker, Esq.
>GALE WALKER LAW OFFICE, PLLC
>152 Windy Hill Cove
>Raymond, MS 39154
>attorneygalewalker@gmail.com
>
>Chuck McRae, Esq.
>McRae Law Firm, PLLC
>416 East Amite Street
>Jackson, Mississippi 39201
>chuck@mcraelaw.net
>
>Robert Sanders, Esq.
>Young Wells Williams P.A.
>141 Township Avenue, Suite 300
>P.O. Box 6005
>Ridgeland, MS 39158-6005
>rsanders@youngwells.com

The 14th day of November, 2016.

/s/*William R. Allen*
OF COUNSEL