# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**GALE NELSON WALKER**                                               **PLAINTIFF**

**VS.**                                                 **CAUSE NO. 3:15-cv-911-DPJ-FKB**

**ROBERT SHULER SMITH, individually**
**and in his official capacity as District**
**Attorney of Hinds County, Mississippi; and**
**Hinds County, Mississippi; and**
**John or Jane Does 1-10**                                         **DEFENDANTS**

## HINDS COUNTY, MISSISSIPPI'S RESPONSE
## IN OPPOSITION TO PLAINTIFF'S MOTION FOR
## LEAVE TO FILE SECOND AMENDED COMPLAINT

Comes now Hinds County, Mississippi, by and through counsel, and submits its Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (*CM/ECF Doc. No. 29*), as follows:

### INTRODUCTION

This suit arises out of Plaintiff's former employment with the Hinds County District Attorney's Office and her subsequent termination therefrom. *Am. Compl.*, *CM/ECF Doc. No. 1-1*. Plaintiff asserts claims against Defendants District Attorney Smith and Hinds County, Mississippi for racial and gender discrimination under Title VII, retaliation under Title VII, violations of the Computer Fraud and Abuse Act, civil conspiracy, First and Fourteenth Amendment claims under 42 U.S.C. §1983, discharge in violation of public policy, intentional infliction of emotional distress, and invasion of privacy. *Id*.

Hinds County has filed a Motion to Dismiss based on its contention that, as a matter of law, it is neither the employer of Plaintiff, nor is Defendant Smith a final policymaker of the County. As such, the County has no liability in the instant case.

Subsequently, while the Motion to Dismiss was pending, Plaintiff filed a Motion for Leave to File a Second Amended Complaint (*CM/ECF Doc. No. 29*), to which the County responds in opposition.

## FACTUAL BACKGROUND

According to Plaintiff, she began her career as an ADA in the Twenty-First Judicial District – Holmes, Humphreys, and Yazoo Counties – and was recruited by Defendant Smith to work for him as an ADA in Hinds County. *Am. Compl.*, ¶ 19. Plaintiff's Amended Complaint asserts that she had a stellar record as an ADA with the Hinds County District Attorney's Office; however, during her tenure there she admittedly improperly utilized the District Attorney's letterhead for personal purposes. *Id.* at ¶ 26-28. In particular, Plaintiff's Amended Complaint concedes that she wrote to a self-storage facility regarding past due fees which she owed, wherein she misrepresented to the storage facility that it was the State of Mississippi who owed the money – not Plaintiff – and that she was awaiting approval from the State to render payment. *Id.* Plaintiff admitted to composing this letter on letterhead belonging to the Office of the District Attorney. *Id.* Plaintiff also admits that she had a criminal history of writing bad checks. *Id.* at ¶ 54-60.

Nevertheless, according to Plaintiff, District Attorney Smith routinely gave her verbal affirmation for her efforts as an ADA. Trouble purportedly began for her when she complained about fellow employees smoking in the Hinds County Courthouse. *Id.* at 7. The State Fire Marshall investigated the allegations and, per the Plaintiff "issued a warning regarding the smoking…." *Id.* at 8.

Plaintiff alleges that after she complained about the smoking she was subject to vandalism of her name tag at her designated parking space, an anonymous phone call, and an anonymous letter about her writing "bad checks." *Id.* at 9-10. Eventually, a Hinds County District Attorney's Office Investigator handed her a letter of termination effective January 9, 2014. *Id.* at 14-15. Afterwards, Plaintiff allegedly learned that Defendant Smith disclosed to her cohorts that she was terminated for writing bad checks and for having written the letter regarding her personal debts on office letterhead. *Id.* at ¶ 78.

**ARGUMENT**

Here, the Court should not allow Plaintiff to file the proposed Second Amended Complaint because leave to amend need not be granted where a plaintiff asserts meritless claims. A district court acts within its discretion when denying a motion to amend that is frivolous or futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). The Fifth Circuit has interpreted "futility" to "mean that the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir.

3

2000). (citations omitted). In an inquiry as to whether a proposed Amended Complaint is futile, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citations omitted).

Plaintiff's proposed Second Amended Complaint fails to contain any claims against Hinds County upon which relief may be granted, as such, Plaintiff's Motion for Leave is due to be denied by this Court.

### I. Title VII Claims

First, Plaintiff asserts that she was discriminated against by Hinds County based on her race and sex. In addition, she contends that she was retaliated against for engaging in a protected activity under Title VII. *Second Am. Compl.*, p. 20-21. "Title VII prohibits an **employer** from discriminating' against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. " *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 593 (emphasis added).

Plaintiff's employer in this case was **not** Hinds County. Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person...." 42 U.S.C. § 2000e(b). Included in this definition are "governments, governmental agencies, [and] political subdivisions." 42 U.S.C. § 2000e(a). The Hinds County District Attorney, Robert S. Smith, whom Plaintiff alleges terminated her in a discriminatory fashion, is an elected State official. *See Brooks v. George County, Mississippi*, 84 F.3d 157, 168 (5th Cir. 1996). Furthermore, it is

4

well-settled that a "district attorney's office in the State of Mississippi is considered an arm of the State." *Burnett v. Hinds Cty., Miss. ex rel. Bd. of Sup'rs*, 2015 WL 5785562, at *2 (S.D. Miss. Sept. 11, 2015). District Attorney Smith was elected by the voters of Hinds County and, by statute, chooses his staff members such as Plaintiff. Furthermore, District Attorney Smith is authorized to remove staff members such as the Plaintiff, not Hinds County. See Miss. Code Ann. § 25-31-6 (providing that staff members may be removed by district attorney); Miss. Code Ann. § 25-31-8 (district attorney, not the board of supervisors, "shall be authorized to assign the duties of any employees"). Because Mr. Smith is not a County official, nor is the Hinds County District Attorney's office a county office, Hinds County is not Plaintiff's "employer" insofar as Title VII is concerned. Plaintiff's Title VII claims for race and gender discrimination, as well as retaliation, are claims for which the County cannot be held liable.[1]

## II.     Section 1983 Claims

Plaintiff's Second Amended Complaint asserts constitutional claims under Section 1983 for alleged violations of her First and Fourteenth Amendment rights, for civil conspiracy, discharge in violation of public policy, and retaliation. *CM/ECF Doc. No. 29-1*, p. 22-25. A local government, like Hinds County, can be held liable under Section 1983 for violating a citizen's constitutional rights only if "the governmental body itself 'subjects' [that] person to a deprivation of rights or 'causes' a person 'to be

---

[1] Contrary to Plaintiff's assertions in her proposed Second Amended Complaint, statutory obligation on the part of the County to contribute to Plaintiff's salary does not change the fact that, as a matter of law, the County was not her employer, but rather Defendant Smith was Plaintiff's employer.

subjected' to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Governmental entities are "responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for [their] employees' actions." *Id*. Thus, there is no *respondeat superior* liability under Section 1983; rather, the key to municipal liability is demonstrating that the deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). Simply put, the unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Here, to establish liability against Hinds County, the Plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist*, 349 F.3d 244, 247-249 (5th Cir. 2003). A "policy or custom" can be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *McGregory v. City of Jackson*, 335 Fed. Appx. 446, 448-449 (5th Cir. 2009).

Here, Plaintiff has failed to identify a policymaker of the County as having promulgated a policy which is the moving force of her alleged constitutional deprivations. Although the proposed Second Amended Complaint alleges that Defendant Smith is a policymaker of the County, the County has shown that, as a matter of law, he is not affiliated with Hinds County but, rather, is an employee of the State  Furthermore, simply because the Plaintiff alleges that the County had some duty to Plaintiff to provide oversight over the District Attorney's Office, does not make it so as a matter of law. Given that the district attorney and the district attorney's office are "considered an arm of the State of Mississippi," Hinds County can have no liability for Smith's alleged conduct.  See *High v. Pearl River County Dist.* Attorney, 2012 WL 5450065, at *2 (S.D. Miss. November 7, 2012).

In *Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991), the Fifth Circuit held that in "Mississippi, the district attorney's office is primarily state-funded. Mississippi law extends the scope of the district attorney's authority to statewide concerns: the district attorney has the power to represent the state in all judicial proceedings…[Plaintiff] has cited no provision of Mississippi law and adduced no evidence that a district attorney is a local official. We therefore conclude that the Mississippi District Attorney is a state official." Under a Rule 12(b)(6) standard, this Court need not accept conclusory legal allegations couched as factual allegations, namely that Smith is a County policymaker, or that the Board of Supervisors had the duty to provide oversight over Smith, who is not a County official.

See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009)(holding that for the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

### III.     Computer Fraud and Abuse Act (the "CFAA") Title 18 U.S.C. § 1030(a)(5)(A).

Plaintiff's Second Amended Complaint asserts that District Attorney Smith allowed the retrieval and misappropriation of Plaintiff's personal confidential data in violation of the CFAA. Again, District Attorney Smith is not a County official and Hinds County cannot be held responsible for his alleged conduct. See *Brooks v. George County, Mississippi*, 84 F.3d 157, 168 (5th Cir. 1996).

Furthermore, the Second Amended Complaint alleges that an unknown third party, "a person facing felony charges," breached the security of the check system at the Office of the District Attorney in an effort to harass and intimidate her. *CM/ECF Doc. No. 29-1* ¶67. These facts, as alleged, do not support a private cause of action against Hinds County under the CFAA, which provides for a civil action against any violator whose conduct falls under 18 U.S.C.A. § 1030(c)(4)(C)(i)(I)-(V). Even were the Court to accept that the Board of Supervisors were charged with oversight of the bad check unit of the Office of the District Attorney, it cannot be said that the conduct of the Board of Supervisors, or any agent or employee of the County, met any of the criteria of 18 U.S.C.A. § 1030(c)(4)(C)(i)(I)-(V).

**IV.     State Law Claims.**

Claims for monetary damages against a political subdivision in Mississippi arising out alleged tortious conduct, are governed exclusively by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* *City of Tupelo v. Martin*, 747 So. 2d 822, 826 (Miss. 1999). Under the MTCA, sovereign immunity is waived for the State of Mississippi and its political subdivisions; however, this waiver is subject to numerous limitations, restrictions and exceptions.

**A.     Civil Conspiracy.**

To the extent that Plaintiff is asserting a civil conspiracy claim under state law, the same requires Plaintiff to prove "a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 786 (Miss. 2004)(citing *Levens v. Campbell*, 733 So.2d 753, 761 (Miss. 1999)). Pursuant to Miss. Code Ann. §11-46-5(2), a governmental entity cannot be held liable for an unlawful act.

**B.     Wrongful Discharge in Violation of Public Policy.**

Plaintiff asserts a claim for wrongful discharge in violation of public policy. Mississippi is an employment-at-will state to the extent that it follows the common-law rule that one may be terminated at the will of the employer, thus meaning that "either the employer or the employee may have a good reason, a wrong reason, or no reason for terminating the employment contract." *DeCarlo v. Bonus Stores, Inc.*, 989 So. 2d 351, 354 (Miss. 2008)(citing *Kelly v. Miss. Valley Gas Co.*, 397 So.2d 874, 875 (Miss. 1981)). The

two exceptions to employment-at-will rule are as follows: (1) an employee who refuses to participate in an illegal act shall not be barred by the common law rule of employment at will from bringing an action in tort for damages against his employer; (2) an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer. *DeCarlo*, 989 So. 2d at 355.

Again, Hinds County was not Plaintiff's employer, nor does it employ Defendant Smith, and, as such, it cannot be held liable for Defendant Smith's discharge of Plaintiff. Further, the MTCA has not waived sovereign immunity for conduct arising out of the illegal acts of governmental entities' employees. See Miss. Code Ann. § 11-46-5(2); see also Miss Code Ann. § 11-46-9(1)(d)(discretionary function immunity).

      C.      **<u>Intentional Infliction of Emotional Distress.</u>**

Plaintiff claims that she suffered an intentional infliction of emotional distress as a result of Smith's conduct. More specifically, Plaintiff asserts "Defendants' behavior has been malicious, willful, wanton, grossly careless, indifferent and/or reckless." *CM/ECF Doc. No. 29-1 ¶ 139.* The Mississippi Supreme Court has held that torts which require proof of malice as an essential element are excluded from the MTCA. See *Weible v. USM*, 89 So.3d 51, 64 (Miss Ct. App. 2011)( *Zumwalt v. Jones County Bd. of Supervisors*, 19 So. 3d 672, 688-89 (Miss. 2009)). Furthermore, even claims for which malice is not a necessary element of proof "fall outside the MTCA if the plaintiff alleges that the defendant(s) acted with malice." *Delaney v. Miss. Dept. of Public Safety*, 2013 U.S. Dist.

LEXIS 9600 (S.D. Miss. 2013). Here, Plaintiff asserts that Hinds County acted with malice and, as such, her claim is wholly barred by the MTCA.

In addition to the above, Hinds County can have no liability for Smith's conduct as he is not an employee of Hinds County but, rather, is a State employee.

### D. <u>Invasion of Privacy</u>.

In Mississippi, the tort of invasion of privacy is comprised of four distinct and separate sub-torts: (1) the intentional intrusion upon the solitude or seclusion of another; (2) the appropriation of another's identity for an unpermitted use; (3) the public disclosure of private facts; and (4) holding another to the public eye in a false light. *Plaxico v. Michael*, 735 So. 2d 1036, 1039 (Miss. 1999).

Here, any of the above sub-torts would necessarily involve conduct outside the course and scope of an employee's employment. Likewise, in support of the same Plaintiff alleges that Defendants "engaged in willful, malicious, intentional, oppressive, and despicable conduct…," and as such, has alleged malicious conduct for which the County cannot be held liable. See Miss. Code Ann. § 11-46-5(2). Thus, even were Smith a Hinds County employee, the County can have no liability for an invasion of privacy claim as it has not waived sovereign immunity for the same.

In addition, because Smith is not an employee of the County but, rather is a State official, Hinds County can have no liability for this claim.

## CONCLUSION

For all of the reasons stated and authorities cited hereinabove, Plaintiff's Motion for Leave to File a Second Amended Complaint is due to be denied as frivolous for failure to state a claim against the County upon which relief may be granted.

**DATE:**     November 18, 2016.

>Respectfully submitted,
>
>**HINDS COUNTY, MISSISSIPPI**
>
>By:     /s/*William R. Allen*
>          One of Its Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

Pieter Teeuwissen, Esq.
Pieter Teeuwissen, PLLC
550 High Street
P.O. Box 16787
Jackson, MS 39236
Tel: 601-359-3680
Fax:  601-359-2003
pteeuwissen@air2lan.net

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Hinds County, Mississippi's Response in Opposition to Plaintiff's Motion for Leave to file a Second Amended Complaint with the Clerk of the Court which gave notice of the same to:

> Gale N. Walker, Esq.
> GALE WALKER LAW OFFICE, PLLC
> 152 Windy Hill Cove
> Raymond, MS 39154
> attorneygalewalker@gmail.com
>
> Chuck McRae, Esq.
> McRae Law Firm, PLLC
> 416 East Amite Street
> Jackson, Mississippi 39201
> chuck@mcraelaw.net
>
> Robert Sanders, Esq.
> Young Wells Williams P.A.
> 141 Township Avenue, Suite 300
> P.O. Box 6005
> Ridgeland, MS 39158-6005
> rsanders@youngwells.com

The 18th day of November, 2016.

/s/*William R. Allen*
OF COUNSEL