UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GALE N. WALKER                                                                                   PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:15CV911 DPJ-FKB

ROBERT S. SMITH, ET AL.                                                                  DEFENDANTS

ORDER

This employment dispute is before the Court on Defendant Hinds County, Mississippi's Motion to Dismiss [14] pursuant to Federal Rule of Civil Procedure 12(c). After entry of an Order to Show Cause, Plaintiff Gale N. Walker responded in opposition. In addition, Walker filed a motion to amend her Complaint [29], which Hinds County opposes. The Court, having considered the submissions of the parties along with the relevant authorities, finds that Hinds County's motion to dismiss should be granted because Walker has not stated a facially plausible claim. The same would remain true were Walker given leave to amend her complaint, so her motion to amend is denied.

I.      Facts and Procedural History

Plaintiff Gale N. Walker worked as an Assistant District Attorney under Hinds County District Attorney Robert Schuler Smith from August 2012 to January 2014. Believing her termination was discriminatory, Walker filed suit on November 10, 2015, in the Circuit Court of Hinds County, Mississippi. She advanced race- and sex-discrimination claims under Title VII, as well as claims for discharge in violation of public policy, violation of the Computer Fraud and Abuse Act, civil conspiracy, intentional infliction of emotional distress, and invasion of privacy.

As Defendants, Walker named District Attorney Smith in his official and individual capacities and Hinds County, Mississippi. Specifically, Walker described herself as an employee

of "the Hinds County District Attorney's Office where Defendant, ROBERT SHULER SMITH, was her supervisor, the final policymaker for the Hinds County District Attorney's Office, and was in charge of supervision, training, and management over all employees in the District Attorney's Office."  First Am. Compl. ("FAC") [1-1] at 2–3.  As for Hinds County, Walker claims it "employed Plaintiff, Gale Nelson Walker, and Defendant[ ], Robert Shuler Smith."  *Id.* at 3.  Defendant Hinds County moved to dismiss all claims.  Walker opposes dismissal while seeking leave to amend her complaint to cure its shortcomings.

II.     Applicable Standards

Hinds County seeks dismissal under Rule 12(c).  The standard for addressing a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion.  First, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  But this presumption does not apply to "threadbare recitals" of a claim's elements "supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Second, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). Thus, "[a]lthough a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.*

III.    Analysis

In this case, Hinds County's motion attacks Walker's FAC. But as noted, Walker seeks leave to amend, primarily to insert new averments regarding Hinds County's duties in what would be her third iteration of the complaint. *See* Proposed Second Am. Compl. ("SAC") [29-1] at 19–21. Though most of the paragraphs she seeks leave to add are themselves legal conclusions rather than factual averments, in them she generally says that the Hinds County Board of Supervisors had some oversight with respect to the District Attorney's Office.

The Court will examine each claim based on the FAC and then determine whether the proposed SAC would cure the defect. As shown below, the Court concludes that neither the FAC nor the proposed SAC state a claim against Hinds County. And because Walker's first and second attempts to amend fall short, the Court finds that she has received a full opportunity to

plead her best case. She has done the best she could with the facts she faced, so dismissal will be with prejudice to any additional efforts to amend.[1]

    A.    Title VII

Title VII prohibits an employer from discriminating against an individual on account of his or her race, color, religion, sex, or national origin. Hinds County submits that it is not Walker's employer because she worked for the Office of the District Attorney, which is not a county office.

District Attorney Smith is not a county official; he is an elected State official. *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991); *see also Burnett v. Hinds Cnty., Miss. ex rel. Bd. of Sup'rs*, No. 3:14-cv-651-CWR-FKB, 2015 WL 5785562, at *2 (S.D. Miss. Sept. 11, 2015) ("A district attorney's office in the State of Mississippi is considered an arm of the State."). Hinds County therefore argues that it was not Walker's "employer" under Title VII.

Walker does not present any argument or authority suggesting otherwise, and instead addresses Hinds County's alternative argument that she would fall under the personal-staff exemption of 42 U.S.C. § 2000e(f). But because Hinds County was not Walker's employer, the Court never gets to the exemption. Her Title VII claims against the County are due to be dismissed.

---

[1] It should be noted that Walker offered her motion to amend without a supporting memorandum. *See* L.U. Civ. R. 7(b)(4). And she then elected not to respond when Hinds County opposed the motion with a detailed supporting memorandum. As such, the County's arguments in opposition to amendment are unrebutted. Nevertheless, the Court has attempted to piece together what it expects Walker would have said based on her initial response to the County's motion to dismiss.

As for the proposed SAC, Walker offers a few more averments in a section titled "Duties and Failures of Hinds County, Mississippi." SAC [29-1] at 19–21. Many of those paragraphs merely state general legal conclusions. *See, e.g.*, *id.* ¶ 98 (stating that Hinds County is "*an* employer" as defined by Title VII (emphasis added)); *id.* ¶ 105 ("At all times relevant, Defendant, HINDS COUNTY, MISSISSIPPI was responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions challenged by this cause of action."). Other paragraphs offer conclusory statements regarding the County's actions without providing supporting facts. *See id.* ¶ 104 (averring that Hinds County "continued to fund the Bad Check Unit with notice and knowledge of mismanagement and improper maintenance and storage of information").

Walker does allege that Hinds County has some involvement with the District Attorney's Office and may "set the salary for one employee of the office of the District Attorney." *Id.* ¶ 97. But Walker has not pleaded that she was that employee, nor has she argued that this fact would make her a county employee. She likewise fails to offer additional facts or argument that Hinds County was *her* employer under Title VII. The motion to amend would therefore be futile as to this claim and is denied. The Title VII claims as to Hinds County are dismissed with prejudice.

B.   Conspiracy Claims

Walker claims that Hinds County engaged in a civil conspiracy with Smith and that their concerted conduct gives rise to liability under common law and 42 U.S.C. § 1983. Hinds County initially observes that the FAC is devoid of factual content showing a plausible conspiracy claim and is instead conclusory at best. Def.'s Mem. [15] at 6.

5

Both § 1983 and Mississippi common law require a showing that the co-conspirators actually agreed to do something. *See Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) (requiring non-conclusory proof that defendant "agreed with others to commit an illegal act and that a deprivation of constitutional rights occurred") (citation omitted); *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 786 (Miss. 2004) (finding it "elementary that a conspiracy requires an agreement between the co-conspirators") (citation omitted).

According to Walker, Hinds County conspired with Smith to harass her because she reported smoking within the courthouse. Specifically, she points to paragraph 44 of her FAC, which states: "Based on information and belief, this is when two or more Defendants conspired and developed a plan to harass, intimidate, threaten and retaliate against Plaintiff for exercising her First Amendment right to free speech when reporting the illegal smoking in the office." FAC [1-1] ¶ 44, *cited in* Pl.'s Mem. [32] at 3. But this conclusory paragraph fails to even identify who the alleged conspirators are.

She likewise points to various incidents that she says reflect a civil conspiracy, like receiving an anonymous telephone call asking her, "Do you know Jesus?" Pl.'s Mem. [32] at 3−4 (citing FAC [1-1] ¶¶ 45–53). But again, Walker cannot identify any of the individuals who took those alleged acts of retaliation against her. *See id.* at 3. More troubling, she fails to plead facts that in any way link those incidents to the Hinds County Board of Supervisors, much less facts suggesting that Hinds County reached an agreement with someone to violate her rights. Conclusory assertions of a conspiracy like these are not sufficient to state a claim. *Rodriguez*, 169 F.3d at 222; *see also Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (holding that plaintiff's conspiracy claims were "conclusory, and more than a blanket of accusation is

necessary to support a § 1983 claim"). Walker has not stated a facially plausible conspiracy claim.[2]

Finally, the proposed SAC fails to push the needle any closer to plausibility. Most of the amendments are conclusory, and the few facts Walker offers fail to allow a plausible finding that Hinds County reached an agreement with someone to violate her rights. The motion to amend would therefore be futile as to this claim and is denied. The civil-conspiracy claims against Hinds County are dismissed with prejudice.

C. Section 1983: First Amendment and Due Process Claims

The standards for a claim under § 1983 are well known and not disputed in the present case. But while Walker faithfully explains those standards in her memorandum in opposition to dismissal, she fails to explain how the FAC states such a claim. More specifically, she offers nothing more than conclusory assertions that a claim has been made. *See* Pl.'s Mem. [32] at 11–14. She has not shown a municipal policy that was the "moving force" behind the alleged constitutional violation. *Piotrowski v. City of Hous.*, 237 F.3d 567, 580 (5th Cir. 2001) ("The three attribution principles identified here—a policymaker, an official policy and the 'moving force' of the policy—are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself."). At most, Walker states that Hinds County had some oversight over the Bad Check Unit where her personal information was allegedly obtained and misused. *See* Pl.'s Mem. [32] at 14–15. But other than conclusory allegations that must be disregarded under *Ashcroft v. Iqbal* and

---

[2] Hinds County makes other arguments in its various briefs which carry some appeal, but the failure to plead sufficient facts is grounds to grant its motion.

*Bell Atlantic Corp. v. Twombly*, she offers no averments suggesting that a county policy was the "moving force" behind the alleged violations.

As for leave to amend, the proposed SAC suffers from the same infirmities. Walker has not pleaded sufficient facts to state a plausible claim that some policy or custom by Hinds County was the moving force behind the alleged violation. The § 1983 claims against Hinds County are therefore dismissed with prejudice.

D. Computer Fraud Abuse Act ("CFAA")

Walker asserts that Hinds County violated CFAA, 18 U.S.C. § 1030(a)(5)(A), by allowing Smith to misappropriate her confidential information from the Bad Check Unit. *See id.* at 17. More specifically, she argues that "Hinds County is responsible for Defendant Smith's conduct as part of a conspiracy to access and use the information in the computer system of the Bad Check Unit against Plaintiff." *Id.*

CFAA is a criminal code section that allows a private cause of action against those who violate some—but not all—of its provisions. 18 U.S.C. § 1030(g) (2012). Here, Walker invokes § 1030(a)(5)(A), which applies when a defendant "knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, *to a protected computer*." *Id.* § 1030(a)(5)(A) (emphasis added); *see Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1156 (5th Cir. 2006) ("Section 1030(a)(5) punishes those who cause damage to a protected computer, either through the knowing transmission of a program, information, code, or command, or through intentional, unauthorized computer access.").

8

As an initial point, the factual averments in the FAC do not seem to address this subsection because there are no allegations regarding damage to a computer. *See* 18 U.S.C. § 1030(a)(5)(A). But assuming this was a scrivener's error, Hinds County argues that Walker fails to plausibly plead a claim under any of the subparts that § 1030(g) covers or that it violated § 1030. *See* Def.'s Reply [33] at 6–7.

The Court generally agrees that it is not apparent whether Walker states a valid claim based on the subparts to § 1030 that § 1030(g) covers. *See Fiber Sys. Int'l, Inc.*, 470 F.3d at 1157. But the greater concern is that nothing in the FAC suggests that Hinds County violated § 1030. As a criminal provision, § 1030 requires proof that the defendant knowingly or intentionally accessed a protected computer. *See* 18 U.S.C. § 1030(a). Yet, the FAC offers no plausible claim that the Hinds County Board of Supervisors intentionally did that. Instead, Walker proposes that the County failed to provide sufficient oversight for the Bad Check Unit. *See* Pl.'s Mem. [32] at 14. Walker has not pleaded a plausible claim that Hinds County intentionally accessed her confidential information.

Finally, as with the previous claims, the proposed amendments in the SAC are not sufficient to state a facially plausible claim that Hinds County violated § 1030(a)(5)(A), or that it intentionally violated any of § 1030's subparts with respect to Walker's confidential information. The CFAA claim against Hinds County is therefore dismissed with prejudice.

E.      Wrongful Discharge

The parties correctly observe that Mississippi is an at-will employment state. Accordingly, in this state,

> an at-will employment contract may be terminated at any time, by either party to the contract. However, two narrow exceptions exist to this longstanding,

9

>common-law rule. Where an employee is terminated because: (1) he or she has refused to participate in an illegal activity, or (2) he or she has reported an illegal activity of the employer to the employer or to anyone else, a suit for wrongful discharge may be maintained despite the at-will status of the employee.

*Jones v. Fluor Daniel Servs. Corp.*, 959 So. 2d 1044, 1046–47 (Miss. 2007).

Walker generally says she stated "facts sufficient to support her claim for a violation of public policy in that she was terminated for reporting illegal conduct." Pl.'s Mem. [32] at 18. She also contends that her constitutional rights were violated. *Id.* But neither argument answers Hinds County's claim that it was not Walker's employer. Def.'s Mem. [15] at 10. The Court agrees that dismissal is therefore appropriate and further agrees that the proposed SAC likewise fails to state a plausible claim that Hinds County employed Walker. The wrongful-discharge claim against Hinds County is dismissed with prejudice.

F.  Intentional Infliction of Emotional Distress ("IIED")

Walker generically asserts her IIED claim against all Defendants. FAC [1-1] ¶¶ 122–25. Hinds County seeks dismissal on two grounds. First, it says Walker pleaded her IIED claim in terms of malice, taking it outside the limited sovereign-immunity waiver found in the Mississippi Tort Claims Act. *See* Miss. Code Ann. § 11-46-5(2). Second, Hinds County infers from the FAC that Walker is asserting a vicarious-liability claim against it for Smith's alleged acts. *See* Def.'s Mem. [15] at 10. The latter argument assumes that the averments against Hinds County itself fail to otherwise state an IIED claim. Walker addresses both arguments in her response, but this Order will instead focus on whether she has sufficiently pleaded an IIED claim against Hinds County.

Proving an IIED claim under Mississippi law is a "tall order." *Speed v. Scott*, 787 So. 2d 626, 630 (Miss. 2001) (citation omitted). To state a claim, the plaintiff must prove: (1) defendant "acted willfully or wantonly towards [plaintiff]"; (2) defendant's acts are ones "which evoke outrage or revulsion in civilized society"; (3) the acts were "directed at or intended to cause harm to [the plaintiff]"; and (4) the plaintiff "suffered severe emotional distress as a direct result of" defendant's acts. *J.R. ex rel. R.R. v. Malley*, 62 So. 3d 902, 906 (Miss. 2011). As courts often say when interpreting these elements, the act must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Speed*, 787 So. 2d at 630 (citations omitted).

Walker faithfully recites these elements in her response and then generically argues as follows:

> In Count VIII of her Complaint, Plaintiff asserts that Defendant's actions directed toward her were outrageous and willful. *See Am. Compl.* ¶¶ 123, 125. Plaintiff further asserts that Defendant's actions caused her to suffer extreme emotional distress and that such distress was reasonable foreseeable. *Id.* ¶ 125. Although Plaintiff also states that Defendant Smith's conduct was malicious and wanton, her claim based on Defendant Smith's outrageous conduct should not be dismissed as Defendant may be held liable for such conduct under Mississippi law. In addition, this claim is plausible on its face against Hinds County because the official policy and/or custom of the Hinds County Board of Supervisors led to the violations of Plaintiff's constitutional rights. *See* Discussion of Hinds County Liability, pages 10-15, *supra*.

Pl.'s Mem. [32] at 19–20.

Starting with Hinds County's vicarious-liability argument, Walker merely says the County can be held responsible for Smith "under Mississippi law," but she fails to offer authority or argument. *Id.* As noted above, Smith was not a county employee, and there are no plausible

11

conspiracy claims. So Walker has not explained how the County can be vicariously liable in this context.

Looking to the County's actions, Walker says her claims are sufficient. She specifically relies on paragraphs 123 and 125 of her FAC along with her argument that the County sets certain policies or customs. But paragraphs 123 and 125 are nothing more than "threadbare recitals" of the elements "supported by mere conclusory statements." [3] *Iqbal*, 556 U.S. at 663. They are not, therefore, entitled to the presumption of truth. *Id.* And even if Hinds County can set policies that might be relevant, Walker cites no legitimate factual averments from the FAC suggesting that the County took any acts that were intentionally directed toward her with the intent to cause her harm, much less acts that evoke outrage or revulsion. *See Speed*, 787 So. 2d at 630.

---

[3] More specifically, those paragraphs state:

> 123. Defendant's [sic] conduct as described above was extreme and outrageous and was carried out with the intent of causing Plaintiff to suffer emotional distress.
>
> . . . .
>
> 125. Defendants' actions have been such to evoke outrage and revulsion. Defendants' behavior has been malicious, willful, wanton, grossly careless, indifferent, and/or reckless. Because of this egregious conduct, Plaintiff has and will continue to suffer severe injuries. The injuries to Plaintiff were reasonable [sic] foreseeable. As a direct and proximate result of Defendants' extreme and atrocious conduct toward Plaintiff, Plaintiff has suffered lost wages and benefits, suffered extreme emotional distress, and has sustained other pecuniary loss. The unlawful actions of Defendants' were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

FAC [1-1] ¶¶ 123, 125.

Finally, Walker argues—in other places in her response—that the County failed in its duty to oversee the Bad Check Unit. *See* Pl.'s Mem. [32] at 14. Even assuming those assertions are entitled to the presumption of truth under *Iqbal*, "it is the nature of the act itself—as opposed to the seriousness of the consequences—which gives impetus to legal redress." *Brent v. Mathis*, 154 So. 3d 842, 851 (Miss. 2014). And to be actionable, the defendant's "actions must have been directed toward the [plaintiff]." *Id.* (reversing denied summary-judgment motion on IIED claim because defendant did not act toward plaintiffs). Bad management—or poor supervision—is not directed toward any one person and is insufficient to state an IIED claim in this context. *See Perkins v. Wal-Mart Stores, Inc.*, 46 So. 3d 839, 848 (Miss. Ct. App. 2010) (affirming summary judgment for Wal-Mart where its actions were merely negligent).

In sum, there are no factual averments in the FAC that suggest a plausible IIED claim against Hinds County. And because the same is true after considering the proposed SAC, the motion to amend would be futile. The IIED claim against Hinds County is dismissed with prejudice.

G.   Invasion of Privacy

Walker clarifies in her response that she asserts a claim for intentional intrusion upon seclusion. Pl.'s Mem. [32] at 20. She then cites two paragraphs from her FAC as sufficiently stating such a claim. *Id.* (citing FAC [1-1] ¶¶ 127−28). But those paragraphs are mere conclusions that are not entitled to the presumption of truth.[4] Walker therefore fails to state a plausible claim that the County somehow invaded her privacy.

---

[4] The paragraphs state:

Walker additionally says that Hinds County conspired "to publish private information from the data in the computer of the Bad Check Unit. Plaintiff claims that there was an agreement between a state official and others to commit an illegal act which violated Plaintiff's constitutional rights." *Id.* at 20. But as noted above, there are no pleaded facts suggesting an actual agreement or conspiracy. The same remains true as to the new averments in the proposed SAC. Accordingly, the Court concludes that the invasion-of-privacy claim against Hinds County should be dismissed with prejudice.

IV.   Conclusion

For the reasons described, the Court finds that Defendant's motion to dismiss [14] is granted while Plaintiff's motion to amend [29] is denied. Plaintiff's claims against Hinds County are dismissed with prejudice. The Court further finds that the stay of this matter, which was put in place following withdrawal of representation by the Office of the Mississippi Attorney General, should be lifted. Because Defendant Hinds County is terminated as a party, its motion to continue [53] is considered moot. Finally, Defendant Smith's motion to amend his answer [34] is granted.[5]

---

> 127. As set forth herein, Defendants, and each of them, intruded into Plaintiff's seclusion or personal life by searching for and retrieving check unit document in the confidential check unit database.
>
> 128. At no time did Plaintiff consent to such intrusion. Plaintiff had a reasonable expectation in privacy regarding these documents. Such intrusion was highly offensive to Plaintiff and would also be highly offensive to a reasonable person.

FAC [1-1] ¶¶ 127, 128.

[5] The Court notes that Plaintiff's SAC contains new allegations against Defendant Smith stemming from her handling of a criminal matter involving Christopher Butler. SAC [29-1] ¶¶ 37-40, 47. Smith did not oppose amendment. If Plaintiff wishes to pursue these claims, she may

**SO ORDERED AND ADJUDGED** this the 8th day of March, 2017.

                                                 s/ *Daniel P. Jordan III*
                                                 UNITED STATES DISTRICT JUDGE

---

file a motion for leave to file an amended complaint to add these allegations within 10 days of this Order. Plaintiff is warned that her proposed amended complaint should comply with this Order, omitting claims against Hinds County. Failure to file a motion for leave to file within this deadline will be construed as an abandonment of these claims.