# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**GALE NELSON WALKER**  **PLAINTIFF**

**V.**  **CASE NO. 3:15-cv-911-DPJ-FKB**

**ROBERT SCHULER SMITH, individually**
**and in his official capacity as District**
**Attorney of Hinds County, Mississippi and**
**John or Jane Does 1-10**  **DEFENDANTS**

## ORDER GRANTING MOTION FOR EXTENSION OF DISCOVERY DEADLINE

Before the Court is Plaintiff's Emergency Motion to Extend Discovery Deadline [94]. The Case Management Order ("CMO") currently requires completion of discovery by November 2, 2017. Plaintiff seeks a modification of the CMO which would allow her to conduct additional discovery. For the reasons described below, the Court grants Plaintiff's motion.

"A schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015). "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.' *Id.* (citing *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).

The Court finds that Plaintiff has shown good cause to extend the discovery deadline. In

her motion, Plaintiff points to several events which have impeded her ability to conduct discovery. A review of the docket shows Plaintiff's argument have merit.

Defendant Smith removed this case to this Court on December 18, 2015. On January 27, 2016, the Court stayed discovery while considering a Motion to Remand [4]. After denying remand, the Court entered the CMO on June 14, 2016, reopening discovery in the case.

However, only ten days later, counsel for Smith filed a motion to withdraw. The Court granted the motion on June 27, 2016, and stayed the case entirely. New counsel for Smith did not enter an appearance until September 23, 2016.

After Smith's counsel entered an appearance, the Court held a scheduling conference and set new deadline, including a discovery deadline of April 18, 2017. However,

However, on March 31, 2017, Smith filed a Motion for a Protective Order [72], seeking to prohibit Plaintiff from taking his deposition while he faced certain criminal charges in Hinds County, Mississippi state court. In his motion, Smith recognized "if the deposition is postponed, the discovery deadline and the motion deadline will have to be extended." [73] at 2. Smith's motion for a protective order and ongoing criminal prosecution effectively postponed Plaintiff's ability to take his deposition until the criminal case against Smith ended on August 8, 2017, when he was acquitted. On August 10, 2017, the Court entered an order denying Smith's motion for a protective order as moot and granting permission to Plaintiff to continue discovery related to him.

Plaintiff states that she attempted in August and September to contact Smith's counsel to schedule his deposition, but that she "did not receive a response from counsel for defendant." [94] at 2. Plaintiff attaches an email she sent to Smith's counsel on September 20, 2017. [94-1]. Plaintiff states that she received no response to the email. Having received no response, she filed a Notice of Deposition setting Smith's deposition for October 13, 2017. On October 5, 2017, Smith's

2

counsel responded to Plaintiff's September 20, 2017, email, advising her that he had a conflict on October 13, 2017, but offered a variety of other dates. Plaintiff selected October 18, 2017, for Smith's deposition. However, after starting the deposition on October 18, 2017, Smith left the deposition early, and the deposition was continued until October 20, 2017.

Plaintiff also explains that alghought she noticed a 30(b)(6) deposition of Hinds county for October 19, 2017, counsel for Hinds County notified her of a conflict, and Plaintiff has been unable to get another date for the deposition prior to the discovery deadline.While Smith argues that Plaintiff should have scheduled the Hinds County deposition of Hinds County sooner, the fact remains that the deposition was noticed to take place prior to the discovery deadline.

Finally, Plaintiff explains that she has experienced personal health issues while also litigating this case *pro se*, after the withdrawal of her counsel in April 2017. The Court is sympathetic to Plaintiff's position, and, especially combined with the other factors discussed above, finds that this too represents a valid explanation as to why she has been unable to complete discovery by the November 2, 2017 deadline.

The Court further finds that the requested extension is important and necessary to afford Plaintiff an opportunity to complete discovery and that Plaintiff would suffer prejudice if not afforded such an opportunity. The Court finds that Smith presents no argument at all as to what prejudice he would face if the requested extension is granted.

Accordingly, the Court hereby grants Plaintiff's motion and amends the scheduling order in this case as follows:

1. This action is set for a jury trial during a two-week term of court beginning on July 2, 2018, at 9:00 a.m. in Jackson, Mississippi, before United States District Judge Daniel P. Jordan, III.[1]

2. The pretrial conference is set on June 8, 2018 at 9:00 a.m. in Jackson, Mississippi, before

---

[1] The parties are advised to contact the Court immediately if they have any conflicts with this trial date.

3

United States District Judge Daniel P. Jordan, III.

3. All discovery must be completed by January 19, 2018.

4. All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by February 2, 2018. The deadline for *motions in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

IT IS SO ORDERED, this the 1st day of November, 2017.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE